### Parker v. Poole.

### The Same v. Sharp.

Where one made his note payable to another or bearer, and authorized any Attorney at Law to confess judgment against him for the amount of the note before a magistrate of Harrison County, Texas, if the note was not paid when due, and the note being due and unpaid, the payee being an Attorney at Law confessed judgment as aforesaid against the maker in favor of another, without notice, it was held there was no error.

The general rule is that whatever a person can do himself, he can do by attorney.

Where a petition for a *certiorari* admits a sum due or the like as where usury is alleged, the petitioner must offer to pay the amount acknowledged to be due, or to do the equity which he seeks, or the petition will be dismissed.

Appeal from Harrison. The appellant had, with one Jackson Haggerty, given two notes to James M. Morphis or bearer, for eighty-nine 12-100 dollars each, with a warrant of attorney indorsed, authorizing any Attorney at Law to confess judgment against him for the amount of the note, before a magistrate of Harrison County, Texas, if the notes be not paid when due. After maturity, Morphis, being an Attorney at Law, appeared before a Justice of the Peace and confessed judgment on one of the notes in favor of Thomas G. Sharp, and in the other in favor of John Poole. The petitions for *certiorari* charge usury, in the transaction, and that Sharp and Poole are suspected to be fictitious persons. On motion, the writs of *certiorari* were dismissed and the plaintiff appealed.

*Clough & Lane*, for appellant.

*J. M Morphis*, for appellee.

Hemphill, Ch. J. One of the grounds, taken here, to reverse the judgment, is, that an Attorney has not nor can he

have any authority under the law to confess judgment for another before a Justice of the Peace; that the statute (Art. 1720) authorizes the party himself to appear without citation and confess judgment, but not to delegate authority to another to perform the act. An answer to this is found in the general maxim, that whatever a man *sui juris* may do of himself, he may do by another. There are exceptions to the rule. The act, sometimes, from its nature, must be performed by the party himself. But the confession of judgment for a person perfectly competent to do the act himself, is no such exception. It may be done as well by an attorney as by the party himself. There is an allegation that the parties, Sharp and Poole, are suspected to be fictitious persons. But there is no direct charge that such is the fact; and the charge, as made, formed no ground for the grant of the writ.

One of the grounds of the motion to dismiss the writ of *certiorari*, is, that the appellant, while seeking, has not offered to do equity, that while claiming the interposition of the Court against the judgment on account of usury in the transaction, he has not offered to pay the amount of the principal which he has acknowledged to be due. Now, although, as a general rule, it be necessary only to allege grounds of error to obtain a writ of *certiorari*, yet in cases accompanied with circumstances of the like character with those marking these cases, it would seem to be necessary that the petitioner should go further, and should offer to perform the equity which he claims from the other party. He has, in effect, confessed the judgment below. In this state of the case, he cannot well claim the interposition of the Court against the judgment, on the score of usury in the original transaction, unless he should offer to pay what was really due.

Judgment affirmed.