## C. HIPPLE v. THE STATE.

### No. 4298. Decided December 20, 1916

### Rehearing granted February 7, 1917.

**1.—Assault With an Attempt to Rape—Former Jeopardy.**

Where, upon trial of an attempt to rape, the defendant interposed his plea of former jeopardy and alleged that on a former trial, on the same indictment, after defendant had pleaded not guilty, the case was continued without the express consent of defendant who stood mute, neither objecting nor consenting, whereupon the jury was discharged and the case continued because the main prosecuting witness was not competent, and the court, on the instant trial, refused to submit to the jury said plea of former jeopardy, the same was reversible error. Prendergast, Judge, dissenting.

**2.—Same—Former Jeopardy—Judicial Construction—Constitutional Law.**

Jeopardy is not defined in the Constitution, but its meaning has been ascertained by our courts before the adoption of the Constitution, and said prior interpretation is binding. Following Powell v. State, 17 Texas Crim. App., 345. And a person is in legal jeopardy when he is put upon trial before a court of competent jurisdiction upon indictment or information which is sufficient in form and substance to sustain a conviction.

**3.—Same—Common Law Rule—Statutory Rule—Former Jeopardy.**

The common law rules with reference to the principles relating to jeopardy have been adopted by our statutes where not in conflict with some of the written laws of the State, and the procedure with reference to them is upon the same footing, and where jeopardy attaches, and a mistrial is ordered and the jury discharged without the consent of the defendant, or some overruling necessity, a plea of former jeopardy will lie.

**4.—Same—Plea of Former Jeopardy—Demurrer—Practice—Consent.**

Where the plea of former jeopardy was stricken out on demurrer, the same must be considered as true, and where said plea raised an issue of fact as to whether the trial court had the consent of the defendant to discharge the jury, the failure to submit the same to the jury was reversible error, unless under article 616, Code Criminal Procedure, the trial court could discharge the jury without defendant's consent, and this under the instant case could not be held as a matter of law, but was a question of fact and should have been submitted to the jury.

**5.—Same—Attorney and Client—Rule Stated.**

Where, upon trial of attempt to rape, the defendant pleaded former jeopardy and alleged that at a former trial the jury was discharged on account of the incompetency of the State's witness, and the case continued by consent of defendant's counsel, but without the personal consent of the defendant who stood mute, held, that the defendant was not bound thereby, and the law does not impose upon the defendant in a criminal case the duty of protesting against the discharge of the jury where it was not authorized by law. Prendergast, Judge, dissenting.

**6.—Same—Statutes Construed—Discharge of Jury—Mistrial.**

Article 616, Code Criminal Procedure, gives the trial court authority to discharge the jury without the consent of the defendant under some unexpected occurrence since the trial commenced which no reasonable diligence could have anticipated, and grant a continuance, but the fact that the attempt to rape was upon a child only three years old, who was interrogated by the court and counsel, and found incompetent, is not such an unexpected occurrence as contemplated by the statute. Following Pizano v. State, 20 Texas Crim. App., 139, and this should have been submitted to the jury as a question of fact. Prendergast, Judge, dissenting.

Appeal from the District Court of Galveston. Tried below before the Hon. Clay S. Briggs.

Appeal from a conviction of an attempt to rape; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

W. E. Price, for appellant.—On question of former jeopardy: Commonwealth v. Cook, 6 Sergeant & Rawles Rep. (Penn), 577; Taylor v. State, 23 Texas Crim. App., 1.

C. C. McDonald, Assistant Attorney General, and C. H. Theobald, County Attorney, for the State.—On question of former jeopardy: Woodward v. State, 42 Texas Crim. Rep., 188; Jones v. State, 72 id., 496; Eoff v. State, 75 Texas Crim. Rep., 244; Grant v. State, 3 Texas Crim. App., 1.

PRENDERGAST, PRESIDING JUDGE.—On May 16, 1916, appellant was indicted for an attempt to rape a little girl three years old, tried and convicted on October 11, 1916, with his punishment assessed at the lowest prescribed by law.

On June 16th, the case was called for trial, both parties announced ready, a jury was duly empaneled, sworn, etc., the indictment read, appellant pleaded not guilty, and the witnesses sworn and placed under the rule. The trial judge appointed Mr. Price, a practicing attorney of the court, to prepare and present appellant's plea for a suspended sentence, "and who with defendant's consent acted generally as his counsel" thereafter in the case.

The State then placed the little girl on the stand, and she was examined on her direct examination by the State's attorney. The appellant's attorney cross-examined her, and then challenged her competency to testify. The judge then examined her, and thereupon held she was incompetent to testify. What her testimony was is in no way shown by the record herein. The State then claimed surprise, and the solemn judgment of the court on this matter at the time adjudged was: "Thereupon leave was granted the State to withdraw its announcement of ready with the consent of the defendant, and cause was continued by consent of State and defendant, and the jury discharged."

At the next term, on October 11th, the case was tried, which resulted in his conviction, as stated. At this trial he pleaded former jeopardy, alleging substantially the facts above shown, and that when the court held said little girl incompetent to testify, the county attorney then "withdrew his announcement of ready for trial and asked that the cause be continued until the next term of court. The court thereupon inquired if the defendant had any objection, and the aforesaid defendant's counsel, Mr. Price, replied that he had none. The defendant stood mute, neither objecting or consenting in person. Whereupon the

court discharged the jury and continued the cause." The court solemnly adjudged at the time as quoted above.

The statute (art. 616, C. C. P.) expressly prescribes: "A continuance may be granted on the application of the *State* or defendant after the trial has commenced, when it is made to appear to the satisfaction of the court that by some unexpected occurrence since the trial commenced, which no reasonable diligence could have anticipated, the applicant is so taken by surprise that a fair trial can not be had, or the trial may be postponed to a subsequent day of the term." The trial court acted strictly under, and in accordance with, that statute. It has been in force and effect at least ever since the codes were first adopted 'in 1856, and has been re-enacted by the Legislature every time the statutes have been revised since then. It specifically shows on its face that the object of the law, and the Legislature, was, that each side, the State as well as the accused, should have a fair trial, and if an unexpected occasion arose, at any time after the trial commenced, and before its conclusion, whereby it should be made to appear to the satisfaction of the trial court that the applicant, whether the State or defendant—the State in this instance—was so taken by surprise that a fair trial could not be had, to then grant a continuance. And under such circumstances jeopardy would not, and could not, attach, and the action of the trial judge should and must be sustained. When the contingency arises which makes it proper for the trial judge in his judicial discretion to grant a continuance under this statute, it would be wholly unnecessary for the defendant to consent. In fact, it could legally be granted over and against his active and express opposition, in which case jeopardy would not attach nor apply. In this instance, however, as solemnly adjudicated by the court at the time between the State and appellant, the State withdrew its announcement of ready, *"with the consent of defendant, and cause was continued by consent of State and defendant."*

We have another statute (art. 757, C. C. P.) which provides that, even after all the trial has been had except the rendition of the verdict, "if, after the retirement of the jury, in a felony case, any one of them becomes so sick as to prevent the continuance of his duty, or any accident or circumstance occurs to prevent their being kept together, the jury may be discharged." This article has been expressly held constitutional by this court, and not in conflict with the jeopardy clause (art. 1, sec. 14) of our Constitution, in Woodward v. State, 42 Texas Crim. Rep., 193. In the opinion in that case many authorities sustaining said holding are cited. That decision and authorities is clearly applicable to article 616, C. C. P., above quoted.

As to whether or not appellant's said plea of jeopardy raised such an issue of fact as required the trial judge to submit the question to the jury, and prevented him from passing on it as a question of law, will now be discussed.

The substance in full of the plea is given above. It is unnecessary

to repeat it. The State by its answer first *specially* excepted thereto as follows: "Because said pleading on its face shows that the court permitted the State to withdraw its motion of ready for trial, after the complaining witness had broken down on the witness stand and been declared incompetent to testify as a witness, and continued the cause, which was within the discretion of the court, and said pleading states no fact or facts showing any abuse of such discretion on the part of the court." And then next generally demurred to it as follows: "Now comes the State by her county attorney and demur and except to the plea of former jeopardy filed herein and say the same is wholly insufficient in law and prays that same be not allowed." The court expressly sustained both. Appellant did not amend his plea in any way nor ask to do so, but merely excepted. The plea avers that upon the judge's ruling said little girl incompetent to testify, the county attorney withdrew his announcement of ready for trial, and asked that the cause be continued until the next term of court. The court thereupon inquired if the *defendant* had any objection, and his attorney replied that *he (defendant),* had none. The court did not inquire if the *attorney* had any objection, but if the *defendant* had any. The attorney did not reply that *he,* the *attorney,* had none, but that *he, the defendant,* had none. The *defendant* was present and necessarily heard the judge's inquiry of *him,* not of his attorney, and necessarily heard his attorney's reply, for *him,* that *he, the defendant, had none.* In no way by his plea did he aver that he did not hear, or did not know. He replied by and through his attorney that *he* had no objection. The fact, if so, that he "stood mute, neither objecting or consenting *in person,*" under the circumstances, can not do away with the fact that *he* announced to the court at the time, when the court inquired of *him* if *he* had any objection, by his attorney, "that *he* had none." Nor did he, in his plea, aver that he did not consent, nor that his attorney had no authority to tell the judge that *he, defendant,* had no objection. The judge, in his presence and hearing, immediately, solemnly adjudged between him and the State: "Thereupon leave was granted the State to withdraw its announcement of ready, *with the consent of the defendant,* and cause was continued, *by consent of State and defendant,* and the jury was discharged." To which he makes no objection.

It is settled in this State by express statute (art. 22, C. C. P.) that the defendant in a criminal case for any offense may waive any right secured to him by law except a trial by jury in a felony case. It is also well settled by the decisions of this State that a defendant can waive former jeopardy, and he may do so in many different ways. (Johnson v. State, 26 Texas Crim. App., 631. Many other cases could also be cited.) It is also well settled by a large number of decisions that, in matters of former jeopardy, the court can and must take judicial knowledge of all the proceedings in the cause pertaining thereto,

both those that occurred at previous terms as well as what occurred when the trial on the main case was had and conviction resulted.

In Schindler v. State, 17 Texas Crim. App., 408, this court when former jeopardy was pleaded, held: "The law vests in the trial judge a discretion, under certain circumstances, to discharge a jury even in a felony case, without the consent of the defendant, and the exercise of such discretion will not be revised by this court, and will not be held to constitute jeopardy, except when it is made clearly to appear that such discretion has been abused."

In O'Connor v. State, 28 Texas Crim. App., 288, the appellant therein pleaded former jeopardy, alleging that at a former term he was put upon trial and the jury was discharged by the court, without his consent and over his protest and without legal cause. The court said (p. 291): "Jeopardy is a special defense, and the burden of establishing it clearly and satisfactorily rests upon the defendant." Then, among other things, that it devolved upon the defendant to prove; "3. That, without his consent and without legal cause, the trial court discharged the jury trying him before said jury had rendered a verdict in said cause.

"Until these essentials of jeopardy were established firmly by the defendant, the presumption would prevail that the trial court in discharging the jury acted upon legal cause and did not abuse its discretion," citing several cases. Of course, it being necessary to prove these facts, it was also necessary as a basis therefor that the averments of the plea should so allege, as stated in that case. In this case, as shown above, no such allegations were made, and the plea was defective in substance because thereof, and both the special and general demurrrs of the State herein presented such question.

It was also held in Carroll v. State, 50 Texas Crim. Rep., 485, that a defendant can not plead jeopardy where the jury before which he was first on trial was discharged on his motion or with his consent (citing a large number of authorities). See also Johnson v. State, 73 Texas Crim. Rep., 133, 164 S. W. Rep., 833.

In Escareno v. State, 16 Texas Crim. App., 85, which was a case wherein the death penalty was assessed and the judgment affirmed, Judge Hurt, writing the opinion of the court, stated in substance and effect that the question was raised that the appellant in that case was not present when his motion for a new trial was acted upon and overruled by the trial judge. Judge Hurt said (p. 92): "But suppose the record shows affirmatively that he was not present when his motion for new trial was overruled, in the assignment of errors it is conceded that this right *was waived by his counsel.* The question then is, is defendant bound by this waiver? What is the presumption? *It is that his counsel was authorized by defendant to make the waiver, and that defendant is bound by it unless he shows that in fact he did not so authorize it.*"

There is no statute of this State which prescribes that an accused

must *in person* expressly consent to what the record conclusively shows appellant did consent to in this case, as announced by his attorney in his presence and hearing, and thereupon unquestionably acted upon by the court in his presence and hearing; nor is there any statute which prescribes this by implication. Neither is there any decision of this court holding any such thing. Nor is there any decision of this court which can be found which holds that, under the circumstances as stated in this case, where the defendant in person remains mute, he is not bound by such waiver and agreement when made as shown herein. Neither of the cases of Early v. State, 1 Texas Crim. App., 248; McDuff v. State, 4 id., 58; Hill v. State, 10 id., 618; Bell v. State, 2 id., 215; Pizano v. State, 20 id., 139; Sterling v. State, 15 id., 249, hold any such doctrine, as a reading of each case will demonstrate.

In Eoff v. State, 75 Texas Crim. Rep., 244, this court held that where appellant's attorney made an agreement in open court in the appellant's presence and hearing, and it was introduced in evidence without objection by him on the trial, the law would imply his consent thereto. To the same effect is Sutton v. State, 76 Texas Crim. Rep., 70.

The court, in McDuff v. State, 4 Texas Crim. App., 58, laid down the true rule, which is applicable in this case, saying: "The general rule is that whatever a person can do himself, *sui juris,* he can do by an attorney. (Parker v. Poole, 12 Texas, 86.) And this rule unquestionably applies in cases of attorneys appointed by the court to represent a party, as well as those cases where the party employs his attorney himself. Ordinarily, the action of the attorney, as the representative of his client in the conduct of the cause, will, and should, be binding upon the client in all matters where by law the client is not specially required to act for himself."

In this McDuff case, however, this state of fact was uncontrovertibly shown: When the indictment was found McDuff was not on bail, but in jail, and he was not able to employ counsel. On September 17th the judge thereupon appointed two attorneys, Dake and Graves, to represent him. Said attorneys, on the next day, *"without the knowledge or consent of McDuff,* waived a copy of the indictment," and then on that day they declined to represent him, stating to the court, "that they were so prejudiced against him they could not justly represent him," and the court excused them. On September 27th the court appointed another attorney, Mr. Plowman, to represent him. *Neither McDuff nor that attorney waived a copy of the indictment.* When placed on trial, September 29th, he refused to plead, because he had not been served with a copy of the indictment, and moved and prayed the court to strike out said waiver by Dake and Graves, "because it was made without the knowledge or consent" of McDuff. The court overruled this, and forced him to trial then. The court, after announcing the rule above quoted, said: "The reason and justice of this rule must, however, in the very nature of things, sometimes yield to the peculiar circumstances and surroundings of the case." And correctly

held under the circumstances and surroundings of the case, as stated above, that McDuff was not bound by said waiver of Dake and Graves. The court then cited and discussed the statutes requiring that an accused shall be served with a copy of the ·indictment, and then be allowed two days to plead before he can be forced to trial, saying with reference to the facts of that case: "The client can not be absolutely bound by the act of his attorney, when the act is both prejudicial to his rights and in contravention of known and well established principles of law." But the instant case is nothing like said McDuff case; in fact, is the very reverse of it.

It is the universal practice in this State that an accused on the trial, and in all matters pertaining thereto, acts by and through his attorney, and he does not act himself, and where not positively forbidden by statute the acts and want of acts by the attorney in behalf of his client in his presence and hearing are binding and conclusive upon him unless he personally at the time repudiates such action, or want of action. Trials could not be conducted otherwise, and are not conducted otherwise.

Therefore, the court committed no error in sustaining the State's exceptions, special and general, to appellant's said plea, and this judgment should be affirmed, and it is so ordered.

*Affirmed.*

DAVIDSON, JUDGE, dissenting, and will write.

HARPER, JUDGE.—As the judgment of the court recites that the case was withdrawn from the jury at the former term and continued *"with the consent of the defendant"* and no exception was reserved to the action of the court, I agree to the affirmance of this case.   In the case of Carroll v. State, 50 Texas Crim. Rep., 488, it is specifically held that where the jury is discharged with the consent of defendant, the plea of former jeopardy is of no avail.   The authorities are there collated.

December 30, 1916.

DAVIDSON, JUDGE (dissenting).—In June appellant was placed upon his trial.   While prosecutrix was testifying the court held that on account of her extreme youth, she being about three years of age, she was not a competent witness.   The State then moved the case be withdrawn from the jury and continued.   Appellant's counsel, who had been appointed by the court, stated he had no objection.   The following October appellant was placed on trial again under the same indictment, and pleaded jeopardy, setting up the facts.   This plea, in substance, alleges that appellant can not be further legally prosecuted because he had already once before been put in jeopardy for the identical offense; that on the 16th day of June, 1916, this case was called for trial, a jury legally empaneled and sworn, and the defendant was called upon to plead before the jury, and he did enter a plea of not

guilty. The witnesses were sworn and placed under the rule; the complaining witness was sworn and took the stand, and her direct examination was conducted by special prosecuting counsel assisting the State, who, after completing his direct examination of prosecuting witness, then presented her to appellant's counsel, appointed by the court, which counsel cross-examined the witness, and being dissatisfied with the nature of the answers given by her to the propounded questions, challenged the qualifications and competency of the witness; thereupon the court questioned the witness and ruled that she was incompetent to testify. The county attorney of Galveston County withdrew his announcement of ready for trial; and asked that the cause be continued until the next term of court. The court thereupon inquired if the defendant had any objection, and the aforesaid defendant's counsel, Mr. W. E. Price, replied that he had none. The defendant stood mute, neither objecting nor consenting in person; whereupon the court discharged the jury and continued the cause.

The premises considered, the defendant now alleges and avers that by reason of the discharge of the jury before verdict without his consent in the manner and form as above shown, he has once before been placed in jeopardy for this offense, for which he is now again being prosecuted, and that he should be discharged from further prosecution and liability.

A demurrer by the county attorney states that the pleading on its face shows that the court permitted the State to withdraw its motion of ready for trial, after the complaining witness had broken down on the witness stand and been declared incompetent to testify as a witness, and continued the cause, which was within the discretion of the court, and said pleading states no fact or facts showing any abuse of such discretion on the part of the court. And further demurring the county attorney excepts to the plea of former jeopardy and says the same is wholly insufficient in law and prays that same be not allowed.

A demurrer admits the verity of the facts pleaded, but contends they set up no cause of action. All the facts stated in the plea of jeopardy must be considered true in testing the effect of the demurrer. So considered, does the jeopardy plea present that question so as to require its submission to the jury? The writer is of opinion it does, and if found to be as alleged, that appellant should have a verdict. It seems to be the settled law that counsel for the accused can not waive any of his material rights; that this must be done by the defendant in person. The authorities seem to be harmonious. Early v. State, 1 Texas Crim. App., 248; McDuff v. State, 4 Texas Crim. App., 58; Hill v. State, 10 Texas Crim. App., 618; Pizano v. State, 20 Texas Crim. App., 139; Bell v. State, 2 Texas Crim. App., 215; Sterling v. State, 15 Texas Crim. App., 249. See also White's Ann. Crim. Proc., p. 29, for collation of authorities, and Vernon's Ann. Crim. Proc., p. 26. This was not done by defendant as admitted by the State in the demurrer and upheld by the court in sustaining the demurrer.

Vernon, in his Criminal Procedure, thus states the rule: "There is

really no manner in which an attorney can absolutely bind his defend-
ant client to his prejudice and against the general principles of law,"
citing Bell v. State, 2 Texas Crim. App., 215; 28 Am. Rep., 429;
McDuff v. State, 4 Texas Crim. App., 58. Some of the cited cases
expressly hold that if the defendant in person remains mute, it is not a
waiver on his part, although counsel does waive. If the facts are as
stated in the plea, appellant did not waive his right set up in his plea
of jeopardy, and his counsel could not do so. That an attorney can not
waive any material right of his client is well settled, if such thing can
be settled. Illustrative, the defendant can not agree to the separation
of the jury in a felony case without the jurors are in charge of an
officer. Cases supporting this statement are found in Vernon's Anno-
tated Criminal Procedure, on page 26. Nor can his attorney agree to
accept written statements of an adverse witness in lieu of his personal
testimony, nor waive the sanction of an oath. To make such agreement
valid it must be made by the accused. Bell v. State, 2 Texas Crim.
App., 215; Allen v. State, 16 Texas Crim. App., 237. An attorney,
without defendant's consent, can not, prior to verdict, admit any in-
culpatory fact. Simco v. State, 9 Texas Crim. App., 338. Only de-
fendant can waive his right of personal presence at any stage of the
trial. Quite a number of these cases are found in Mr. Vernon's Anno-
tated Criminal Procedure, on page 27. In Pizano v. State, 20 Texas
Crim. App., at page 139, the opinion shows that the unexpected occur-
rences which no reasonable diligence could have anticipated did occur,
and the court said that "the statute never could have contemplated that
the jury empaneled should be discharged when the case was simply post-
poned to a subsequent day of the term, or that it should be discharged
even in case of a continuance for the term, except upon the clearest
showing of a necessity therefor. To hold that such could be done
would be to make the statute contravene and render nugatory the con-
stitutional guaranty against jeopardy.

"In this case, when the postponement was granted, the jury should
have been kept together in charge of an officer until the witness could
be brought into court and the trial renewed. . . . Most clearly to
our minds there was no necessity for a discharge of the jury; and the
discharge under the circumstances detailed in the bill of exceptions
was equivalent to a verdict of acquittal of the prisoner, and constituted
such jeopardy under the constitutional provision as that he could not
again be subjected to a second trial for the same offense." Pizano v.
State, supra. There are a number of similar cases.

In Sterling v. State, 15 Texas Crim. App., 249, the court uses this
language: "True, the defendant might waive the provisions of the
law requiring jurors empaneled to be kept together until the termina-
tion of the trial, etc. (Code Crim. Proc., art. 23); but such waiver must
be expressly made by the defendant himself, and can not be made by
his counsel so as to bind him, nor can his mere silence or failure to

object be construed to be a waiver by him. (Early v. State, 1 Texas Crim. App., 248; Hill v. State, 10 Texas Crim. App., 618.)"

I do not care to follow this line of thought further. It is held by the majority opinion that a defendant can not plead jeopardy where the jury is discharged on the first trial on his own motion or with his consent. That is not this case. It is a new rule set up in the majority opinion, towit: that counsel can waive all the rights of the defendant in matters of this sort, and such waiver construed to be the personal waiver of the accused. This has not heretofore been the law. It is also asserted that where a question of this sort is raised the evidence must clearly show the action of the trial judge to be erroneous. This may be correct. But the defendant can not be denied the right to prove his plea, and at the same time punished for not proving it. Such ruling is a little peculiar. Appellant tendered his plea, the court sustained a demurrer, put his plea out of court, and now he is held derelict in not clearly proving it. This he purposed to do by a plea of jeopardy, but the trial court refused to hear him. I do not understand very well how he could have introduced evidence when the court positively refused to hear it. Facts enough are stated, if proved, to have entitled him not only to a submission of the issue but to a discharge under that plea.

I, therefore, respectfully dissent.

### ON REHEARING.

#### February 7, 1917.

MORROW, JUDGE.—This case was affirmed on a former day of the term in an opinion by Presiding Judge Prendergast, from which Judge Davidson dissented. The sole question involved was, whether or not the trial court erred in refusing to submit to the jury appellant's plea of former jeopardy. The plea and the action of the court thereon were stated in both of the opinions mentioned, and on this consideration of the appellant's motion for rehearing reference is made to the statement of the case in the majority and dissenting opinions.

Article 1, section 14, of the Constitution, says: "No person for the same offense shall be twice put in jeopardy of life or liberty." Jeopardy is not defined in the Constitution, but its meaning has been ascertained by our courts before the adoption of the Constitution, and it is held in Powell v. State, 17 Texas Crim. App., 345, that the prior interpretation of this meaning was binding, and was, in substance, as given by Mr. Cooley as follows:

"A person is in legal jeopardy when he is put upon trial, before a court of competent jurisdiction, upon indictment or information which is sufficient in form and substance to sustain a conviction, and a jury has been charged with his deliverance. And a jury is said to be thus charged when they have been empaneled and sworn. The defendant then becomes entitled to a verdict which shall constitute a bar to a new

prosecution; and he can not be deprived of this bar by a nolle prosequi entered by the prosecuting officer against his will, or by a discharge of the jury and continuance of the case." (Cooley's Const. Lim., 15th ed., 404.)

The common law rules with reference to the principles relating to jeopardy have been adopted by our statutes (P. C., art. 4), where not in conflict with some of the written laws of the State, and the procedure with reference to them is upon the same footing. (Art. 26, C. C. P.) From the numerous authorities decided in 10 Am. & Eng. Ann. Cas., 1086, the rule with reference to jeopardy as there stated is thus laid down: "The rule may be deduced from the authorities to the effect that where a person has been placed on trial before a competent court and jury on a valid and sufficient indictment or information, jeopardy attaches, and *if a mistrial is ordered and the jury discharged without the consent of the defendant, or some overruling necessity, a plea of former jeopardy will lie to any subsequent prosecution for the same offense.*"

The circumstances under which a jury may be discharged after jeopardy, is given in our statute, article 616, C. C. P., as follows: "A continuance may be granted on the application of the State or defendant after the trial has commenced, when it is made to appear to the satisfaction of the court that by some unexpected occurrence since the trial commenced, which no reasonable diligence could have anticipated, the applicant is so taken by surprise that a fair trial can not be had, or the trial may be postponed to a subsequent day of the term." This statute has been interpreted in the cases of Woodward v. State, 42 Texas Crim. Rep., 188, and Pizano v. State, 20 Texas Crim. App., 139.

The plea, which is substantially set out in the dissenting opinion mentioned, charged that after jeopardy attached, the trial court held the State's essential prosecuting witness incompetent and discharged the jury upon motion of the State's attorney with the consent of defendant's counsel but without the defendant's consent, he neither consenting nor protesting. This plea, having been stricken out on demurrer, must be considered as true, and the action of the court in striking it out can be sustained only upon the theory that under the circumstances the court had authority to discharge the jury without the consent of the defendant or upon the theory that the consent of the defendant's counsel was binding upon the defendant.

In Bell v. State, 2 Texas Crim. App., 215, it was held that an attorney can not bind the defendant by an agreement to allow the introduction of secondary evidence of incriminating facts, because such agreement would deprive defendant of the constitutional right to be confronted with the witnesses against him. In McDuff v. State, 4 Texas Crim. App., 58, it was held that an agreement by attorneys to waive copy of indictment will not be binding on defendant, and the same principle is asserted in the case of Murmutt v. State, 63 S. W. Rep., 634. The agreement of counsel to discharge the jury, in the

present case, would, if binding on appellant, have the effect of waiving the constitutional guarantee against being twice put in jeopardy for the same offense. Nor would the silence of appellant under the circumstances set out in the plea of former jeopardy deprive him of his right to urge the plea on a subsequent prosecution. It was held in the case of Sterling v. State, 15 Texas Crim. App., 249, that where a jury was discharged with the consent of counsel for the defendant, given in hearing of the defendant, that such consent was not binding upon defendant. To the same effect is Hill v. State, 10 Texas Crim. App., 618. The law does not impose upon the defendant in a criminal case the duty of protesting against the discharge of a jury where it was not authorized by law.

The plea raising an issue of fact as to whether the trial court had the consent of defendant to the discharge of the jury, this question of fact should have been tried and submitted to the jury unless the conditions were such as under article 616, C. C. P., that the trial court could discharge the jury without his consent. This statute gives such authority to the court when there is *"some unexpected occurrence since the trial commenced which no reasonable diligence could have anticipated."* The occurrence which took place as shown by the record in this case after the trial began was that the trial judge held, after interrogating the State's witness, who was only three years old, that she was not qualified to give testimony. Article 788, Vernon's Ann. C. C. P., declares that "children or other persons who after being examined by the court appear not to possess sufficient intelligence to relate transactions with respect to which they are interrogated, or who do not understand the obligation of an oath," are incompetent to testify. Mr. Wharton, in his work on Criminal Evidence, section 366, page 743, uses the following language: "To permit a child under four years of age to be sworn and examined as a witness would be to trifle with public justice. Hence the dying declarations of a child of four years have been properly held inadmissible, and the admissibility of children of that age, as witnesses, is, on the same reasoning, disputed. But the testimony of a child of between four and five years of age, and that of a child between six and seven, has been received on the trial of an indictment charging an attempt to ravish. Four years has been assigned as the minimum age, but after this age the question of admissibility is to be decided by the court." The competency of young children as witnesses has often been a controverted issue in the trial of causes in this State, as will be noted from the citation of cases on the subject in Branch's Crim. Law, section 854, and Vernon's Ann. C. C. P., page 699. In the case of Pizano v. State, 20 Texas Crim. App., 139, a State's witness, whose testimony was essential to the State, was absent, and the State's counsel withdrew his announcement of ready on the ground of surprise, he having announced ready upon information from the sheriff that the witness was present, and the jury was discharged. On a subsequent trial the plea of former jeopardy was

interposed and sustained in this court, it holding that these circumstances were not such as to give the court discretion to discharge the jury. The indictment in the present case was filed May 16th and the trial occurred October 11th in the same year. It does not occur to us that the incompetency of the three-year-old child, or the fact that the learned judge would upon examination hold such witness incompetent, would be such an unexpected occurrence that no reasonable diligence could have anticipated. It might possibly be a question of fact, but clearly it could not, in our judgment, be held as a matter of law to have authorized the discharge of the jury without the consent of the defendant.

As the record is presented we do not think the recital in the interlocutory judgment entered after the jury had been discharged would deprive the appellant of the right to urge his plea of former jeopardy in the subsequent prosecution. Vela v. State, 49 Texas Crim. Rep., 588, 95 S. W. Rep., 529.

We think the trial court erred in dismissing the plea of former jeopardy. It is, therefore, ordered that the motion for rehearing be granted, and the judgment be reversed and the cause remanded.

*Reversed and remanded.*

PRENDERGAST, JUDGE.—I have no doubt whatever that the question in this case was correctly decided in the original opinion affirming the judgment. This motion for rehearing should be overruled. I dissent from the opinion granting a rehearing and reversing and remanding this cause.