## SAM DAVIS v. THE STATE.

No. 21983. Delivered June 10, 1942.
Rehearing Denied October 14, 1942.

The opinion states the case.

*Emmett Shelton* and *Polk Shelton,* both of Austin, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted of assault to rob Mrs. A. F. Giese of the sum of three dollars, together with a carton of cigarettes. His punishment was assessed at five years in the penitentiary.

The appeal is predicated on the failure of the court to sustain appellant's plea in abatement, it being the contention that appellant was put on trial at a previous date for this same offense and that when the jury failed to agree, the court dismissed them without the consent and concurrence of appellant at a time when his attorney was not present in the court room.

On the facts on this plea it was stated by appellant's attorney that he had instructed the deputy sheriff not to call him when the jury returned a verdict. It is shown the jury was out about an hour when they came into the court room and reported that they could not agree. Appellant was placed on the witness stand and asked the question, "Did the Judge ask you if you wanted to have them dismissed?" To this he answered, "No, sir, not that I remember." The court asked the witness if it is not a fact that when the jury reported he had him to stand and said to him, "The jury is unable to agree, and I am going to discharge you. You, therefore, will be discharged under the old bond." In answer to the question as to whether or not he remembered this, the appellant replied, "I just don't remember." The court was requested by the State to put into the record his version of what occurred and made the following statement:

"When the jury came in, Mr. Hull was foreman, and I asked him if they couldn't agree, they had been out such a short time. I then asked each juror if it were not possible; I didn't care to punish them. If it was possible at all, I would like for them to have a verdict, and they said it would be impossible to have a verdict at all, and so I turned to the defendant, and Sam stood up, and I said, 'The jury is unable to agree, and I am going to discharge them, and you can either make a new bond or be released on your old bond. You will therefore be discharged and a mistrial will be noted."

The jury stood eleven for acquittal and one for conviction.

It is noted that the trial court, in detailing all the things that took place, does not say he asked for the concurrence of appellant; nor is it shown that he was advised of his rights in the matter of asking for a continuance of the deliberations by the jury. It is not shown he even knew he had the privilege of objecting. The court simply informed him of what was being done. At this the jury was discharged and appellant had the

privilege of retiring from the court room on his old bond or making a new one.

On the subsequent call of the case a plea of jeopardy was presented and appellant admitted he was satisfied to have the jury discharged. This was a natural position to take at the time.

We have extensively reviewed the decisions of this court from its beginning and find none that sustain the State's position. It involves a constitutional right which should be guarded with the greatest care. (Art. 1, Sec. 14.) It is not deemed essential to review all, or a great part, of these cases. Consequently we refer to only a few.

In Powell v. State, 17 Tex. Court of Appeals, 345 Judge White said:

"Would three and one-half hours be such a time as would necessarily render it altogether improbable that they could agree? Not that they would, but that they could agree? We think not, and, so believing, we are of the opinion that the Court abused his discretion in thus discharging the jury to the injury of the defendant's rights."

On the State's motion for rehearing Judge Hurt said:

"We believe that a careful examination of the cases which hold that the judge in his discretion may discharge the jury, and this discretion cannot be revised, also uniformly and of necessity hold that jeopardy does not attach before verdict. For, to us, it is a monstrous doctrine that the citizen has no other or safer assurance of the constitutional principle which shields him from being twice placed in jeopardy of life and liberty than the arbitrary discretion of the judge who tries him. He is given by his own Constitution the inestimable safeguard against being placed in jeopardy twice for the same offense, but is told by the courts of his State and county that this great bulwark of liberty rests simply in the discretion of the trial judge, from whose rulings, though he be by such rulings deprived of this constitutional safeguard, there is no appeal. To such a doctrine we can never subscribe."

The appellant did not waive his rights in the matter; nor did he agree to the discharge of the jury by his silence. Early v. State, 1 Tex. Cr. App. 248; Hipple v. State, 191 S. W. 1150;

80 Tex. Cr. R. 531. The latter case was affirmed by a majority opinion, Judge Davidson dissenting. On rehearing, Judge Morrow, who succeeded Judge Harper, wrote the opinion reversing the case and stated the law which we consider to be controlling.

The State contends that inasmuch as the trial court found the jury *could not agree*, this case should be distinguished from the foregoing cases, which placed the reversal on the ground that the judge found there was *no probability* of an agreement. Plausible as is this argument, we do not consider it in accord with the holdings of this court and are reluctant to set aside the law as it has been written by White, Hurt, Davidson and Morrow on a question so vital to personal rights.

Again, it is said the willingness of appellant to let the jury be discharged, as disclosed by his evidence on the hearing, should be construed as an agreement on his part. We do not understand the authorities to so hold and the argument is not logical.

The judgment is reversed and the prosecution ordered dismissed.

## ON MOTION FOR REHEARING.

DAVIDSON, Judge.

The State challenges the correctness of our conclusion that the trial court erred in refusing to sustain appellant's plea of former jeopardy. It is insisted not only that the record affirmatively reflects that the appellant consented to the jury's discharge, but also that it fails to reflect that the appellant did not consent to the discharge of the jury.

The State is correct in its contention that the burden of proof is upon the accused to establish a plea of former jeopardy. 12 Tex. Jur. 651; O'Connor v. State, 28 Tex. App. 288, 13 S. W. 14; Spannell v. State, 83 Tex. Cr. R. 418, 203 S. W. 357; Skelton v. State, 110 Tex. Cr. R. 621, 10 S. W. (2d) 554.

Upon the issue as to whether the appellant did or did not consent to the discharge of the jury, the record reflects that, after the jurors had been deliberating upon their verdict for an hour or an hour and a half, they reported to the trial judge—in open court, and in the presence of the appellant—

that they were unable to reach a verdict; that the jury stood eleven to one; and that it was the opinion of the jurors, collectively and individually, that it was impossible for them to agree upon a verdict. Upon this information from and representation by the jurors, the trial court thereupon discharged them. The appellant was not asked whether he did or did not agree thereto. The trial court advised appellant that he was going to discharge the jury, but, so far as this record reveals, the appellant stood mute, neither objecting nor consenting in person.

Do these facts show that the jury was discharged by and with the consent of appellant, within the contemplation and meaning of Art. 682, C. C. P.? Said Article reads as follows:

"After the cause is submitted to the jury, they may be discharged when they can not agree and both parties consent to their discharge; or the court may in its discretion discharge them where they have been kept together for such time as to render it altogether improbable that they can agree."

It appears that the rule announced in the case of Hipple v. State, 191 S. W. 1150, 80 Tex. Cr. R. 531, is controlling here. In that case, the prosecuting witness, a little girl, had testified upon direct examination by the State. Counsel for the accused, upon cross-examination, developed facts showing her to be incompetent to testify. The trial court examined the witness and also so found. The State, claiming suprise, asked for and was granted leave to withdraw its announcement of ready for trial. The jury was thereupon discharged. Appellant's counsel consented to such discharge. Appellant, who was present, "stood mute, neither objecting nor consenting in person." At a subsequent trial, the foregoing facts were set out in a plea of former jeopardy, the State's demurrer to which was sustained.

The court, speaking through Judge Prendergast, held, in effect, that the agreement of counsel to the jury's discharge was binding upon Hipple, and that the plea of former jeopardy was not well taken, and affirmed the judgment of conviction. Judge Harper concurred. To that conclusion Judge Davidson dissented, it being his view that the right of consent or nonconsent to the discharge of the jury was one personal to the accused and could not be waived by counsel. During the pendency of the motion for rehearing in that case, Judge Harper was succeeded by Judge Morrow as a Judge of this Court. Judge Morrow, in granting the motion for rehearing and set-

480

ting aside the affirmance, agreed with Judge Davidson and held, in effect, that the consent of counsel in that case to the discharge of the jury did not constitute consent of the accused, and announced the rule to be:

"The law does not impose upon the defendant in a criminal case the duty of protesting against the discharge of a jury where it was not authorized by law."

Applying the rule announced to the instant case, we find that here, as determined in our original opinion, the discharge of the jury was not authorized under the provision of the statute (Art. 682, C. C. P.) relative "where they have been kept together for such time as to render it altogether improbable that they can agree."

We remain convinced of the correctness of our original conclusion, viz., that, under the provision of the statute mentioned, deliberation by a jury for an hour or an hour and a half, in the instant case, did not authorize its discharge.

From what we have said, it follows that the appellant, in the instant case, was not called upon to protest against the jury's discharge, which was unauthorized; and, the record failing to affirmatively reflect that he did consent to the discharge, the plea of former jeopardy was well taken and should have been sustained.

The State's motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals, and approved by the Court.