SYLVIO DROLET *vs.* COMMONWEALTH.

Suffolk.  January 8, 1957. — January 31, 1957.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, & CUTTER, JJ.

*Practice, Criminal*, Assistance of counsel.

No error of law nor ground for disturbing on writ of error a conviction at the trial of an indictment for a serious offence at which the defendant was represented by a privately retained and paid attorney was shown by the mere fact that, after the attorney had left the court room following his argument to the jury late one afternoon, the trial proceeded in his absence, unexplained, to the arguments of counsel for a codefendant and of the district attorney that afternoon and to the charge, verdict, and sentence the next morning.

PETITION for a writ of error, filed in the Supreme Judicial Court for the county of Suffolk on November 8, 1955.

The case was heard by *Williams*, J.

The case was submitted to the full court on briefs.

*Sylvio Drolet*, pro se.

*George Fingold*, Attorney General, *& Arnold H. Salisbury*, Assistant Attorney General, for the Commonwealth.

WILKINS, C.J.  This petition for a writ of error by a defendant who was indicted, convicted by a jury, and sentenced for being an accessory before the fact to an armed

robbery raises questions under the Federal and State constitutions arising from the departure of the defendant's counsel from the court room during the last stages of the trial. The single justice filed findings and rulings, and entered an order affirming the judgment of the Superior Court. G. L. (Ter. Ed.) c. 250, § 9. The petitioner excepted.

The facts appear from the judge's findings. The defendant, who had been indicted in June, 1952, was tried with a codefendant, one Hanley, at Taunton beginning on Wednesday, June 24, 1953, pursuant to G. L. (Ter. Ed.) c. 278, §§ 33A–33G, as amended. The defendant was represented by an attorney whom he had privately retained and to whom he had paid a stated fee.[1] The taking of evidence was completed late in the afternoon of Friday, June 26, at which time the judge stated that the arguments would be made on that day, and that he would charge the jury at 10 A.M. on Saturday, June 27. Friday being the last day of the sitting, the Chief Justice of the Superior Court had authorized the case to be completed on the following morning. G. L. (Ter. Ed.) c. 212, § 25, as amended by St. 1932, c. 144, § 4. The defendant's attorney argued to the jury and left the court room without making explanation to the judge or any objection to the continuance of the trial. He continued absent during the arguments of Hanley's counsel and of the district attorney. On Saturday the judge charged the jury at 10:20 A.M. Counsel for the defendant did not appear. The jury returned guilty verdicts, and the judge imposed sentences of not more than ten years or less than six years in State prison. Before sentence the defendant was asked whether there was anything he wanted to say. He said that he had worked hard the past year, had tried to do what was right, and had learned how to live. The judge asked him if there was anything else he wanted to say and he answered that there was not. It was contended before the single justice that the defendant's counsel had gone to New York to keep a social engagement on Saturday morning.

---

[1] We are informed in the petitioner's brief that the attorney was from the State of Rhode Island and a member of the Massachusetts bar.

He remained in the case as attorney for the defendant until April 5, 1955. An appeal to the Appellate Division of the Superior Court on the matter of sentence was filed and later withdrawn. The defendant also filed an appeal under G. L. (Ter. Ed.) c. 278, §§ 33A–33G, on July 24, 1953, and a summary of the evidence was sent to his attorney on July 30, 1953. On August 26, 1953, the attorney was notified by the clerk of the receipt of the transcript of the evidence. A motion for a new trial was filed on December 31, 1953, and, for aught that appears, is still pending.

Before the single justice the defendant assigned as error the action of the judge in permitting the trial to proceed in the absence of his attorney both on Friday afternoon and on Saturday morning. The only evidence before the single justice relative to the matter was the oral testimony of the defendant and the transcript of the proceedings. On Saturday morning no explanation of the attorney's absence appears to have been made by the defendant either at the opening of court or at the time of sentence. The judge was justified in assuming that the attorney was not present by prearrangement with the defendant. The defendant was a mature man and not entirely unfamiliar with court procedure and if, as he alleged before the single justice, he was surprised by the absence of counsel he could have readily brought the matter to the attention of the judge. After making the foregoing findings, the single justice ruled that in the circumstances no error in the proceeding was disclosed which required reversal of the judgment.

The petitioner has argued his case in his brief on the basis of a desertion by his counsel. The record and the findings do not sustain this contention. On the contrary, they indicate most clearly that the petitioner, an adult not wholly unaware of court procedure, was not surprised or disturbed at the departure of the attorney of his choice. Asserting now that he was harmed, the petitioner argues that the attorney for the codefendant took a number of "important" exceptions in the absence of the defendant's attorney. These exceptions have not been brought to this

court, and we know judicially because of other proceedings in the Supreme Judicial Court for Suffolk County that the codefendant has been serving his sentence.

The petitioner's case does not disclose any error of law or commend itself to us as one where the judgment should be disturbed. See *Allen* v. *Commonwealth,* 324 Mass. 558; *Commonwealth* v. *Blondin,* 324 Mass. 564. See also *Kullberg* v. *O'Donnell,* 158 Mass. 405.

*Exceptions overruled.*