Sylvio J. DROLET, Petitioner, Appellant,

v.

John J. GAVIN, Principal Officer, Massachusetts Correctional Institution, Respondent, Appellee.

No. 5254.

United States Court of Appeals First Circuit.

Oct. 25, 1957.

Sylvio J. Drolet, pro se.

Fred L. True, Jr., Asst. Atty. Gen., George Fingold, Atty. Gen., on the brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

This is an appeal from an order dismissing a petition for writ of habeas corpus and denying the writ. Since petitioner was a state prisoner, it was necessary for him to obtain a certificate of probable cause in order to perfect an appeal to this court. 28 U.S.C. § 2253. The district court so certified.

As to the factual basis for the application, all we have before us are the allegations contained in the petition.

It appears that petitioner-appellant was indicted in the Superior Court for the County of Bristol, Mass., in June, 1952, on a charge of being an accessory before the fact to an armed robbery. He secured and paid for the services of a lawyer, and pleaded not guilty. Trial before a jury began on Wednesday, June 24, 1953, and the taking of evidence was completed late on the afternoon of Friday, June 26, 1953. Appellant's chosen counsel then made his arguments to the jury, immediately after which the lawyer left the courtroom without any advance warning or advice to his client—thereby leaving "the petitioner sitting in the docket [dock] with none or naught to represent, defend or save the petitioner's every defense that the law of the land permits and guarantees a defendant during the prosecutor's arguments, the charge to the jury, the returning of the verdict and the sentencing. He left the petitioner sitting there with only six grades of grammar school education— and in complete ignorance of his rights under such circumstances and the procedures involved in a 'trial by jury'."

Notwithstanding the absence of appellant's counsel, the trial proceedings continued without interruption. Arguments were made by counsel for petitioner's co-defendant and by the prosecutor. After this the jury was dismissed for the night, and on the next morning the judge made his charge to the jury, appellant's counsel not having returned. The jury returned a verdict of guilty and the trial judge immediately imposed a prison sentence, still in the absence of appellant's counsel.

It further appears from the petition that in November, 1955, the prisoner filed

before a single justice of the Supreme Judicial Court, Suffolk County, Mass., a petition for a writ of error to review the legality of the judgment of conviction specifically on the ground that it had been obtained in violation of the prisoner's right to due process of law under the Fourteenth Amendment. This was a proper, available procedure for presenting such federal question to the state court for decision. See Allen v. Commonwealth, 1949, 324 Mass. 558, 87 N.E. 2d 192. The single justice denied Drolet's petition for writ of error, and entered an order affirming the judgment of conviction in the Superior Court. The case went before the full bench upon exceptions; and in Drolet v. Commonwealth, Mass., 1957, 140 N.E.2d 165, 166, the Supreme Judicial Court, in an opinion by Chief Justice Wilkins, overruled the exceptions, upon concluding that Drolet had not been deprived by the Commonwealth of any constitutional rights. Incidentally the court stated: "The judge was justified in assuming that the attorney was not present by prearrangement with the defendant. The defendant was a mature man and not entirely unfamiliar with court procedure and if, as he alleged before the single justice, he was surprised by the absence of counsel he could have readily brought the matter to the attention of the judge."

It appears that the writ of error proceeding was maintained by Drolet, *pro se*. He did not seek for the appointment of counsel by the court, and, so far as appears, would have been able to employ counsel if he had so desired.

The court below entered its order denying the writ, without the issuance of a show-cause order, on the ground that upon the face of the petition it appeared that when petitioner's counsel absented himself "the petitioner made no complaint, and the court hearing the case was justified in assuming that the attorney was not present by pre-arrangement with the defendant." On this ground the court was of opinion "that the petitioner has not made a showing

that his constitutional rights were invaded".

The Attorney General in his brief in behalf of the appellee correctly observed that the petition was dismissed by the district court "without a hearing and before respondent could file an answer or present evidence on the question of petitioner's advance knowledge and consent to his counsel's absence".

█ On this record, we do not think it is necessary for us to rule specifically on whether the failure by the trial judge to interrupt the trial proceedings in the absence of the accused's chosen counsel constituted a denial by the State of due process of law. Cf. Robbins v. Green, 1 Cir., 1954, 218 F.2d 192; Melanson v. O'Brien, 1 Cir., 1951, 191 F.2d 963. The jurisdiction of a federal district court to entertain a petition for a writ of habeas corpus seeking release of a state prisoner is circumscribed by the provision of 28 U.S.C. § 2254 requiring as a preliminary that the applicant must have exhausted the remedies available in the courts of the state. Appellant urged this federal constitutional question before the Supreme Judicial Court in the writ of error proceeding; but it is not alleged, nor does it anywhere appear, that appellant duly applied to the Supreme Court of the United States for a writ of certiorari to review the adverse judgment of the Supreme Judicial Court. See Darr v. Burford, 1950, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; Brown v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469. In the absence of such application for a writ of certiorari, Drolet, as a state prisoner, cannot maintain a proceeding for a writ of habeas corpus in the federal district court.

█ So that the order appealed from shall not stand as an adjudication on the merits, we shall direct that the order be vacated and that the district court dismiss the petition for a writ of habeas corpus on the ground of lack of jurisdiction.

A judgment will be entered vacating the order of the District Court and re-

manding this case to that Court with direction to dismiss the petition for writ of habeas corpus for lack of jurisdiction.