**Jimmie O'BRIEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42737.**

Court of Criminal Appeals of Texas.

June 17, 1970.

Robinson & Wilson, by Don R. Wilson, Abilene (Court Appointed), for appellant.

Ed Paynter, Dist. Atty., Abilene, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The offense is burglary; the punishment, ten years.

The record reveals that the appellant was first tried under the present indictment on March 17, 1969, at which trial the judge declared a mistrial based on the failure of the jury to reach an agreement as to guilt or innocence. The second trial resulted in the present conviction.

Appellant assigns as error the failure of the trial court to grant his plea of former jeopardy, which plea was made at the start of the second trial. It appears from the record that the jury in the first trial deliberated approximately one hour and ten minutes at the guilt or innocence stage of the trial before returning to the courtroom to report that they were unable to reach a verdict, whereupon the court inquired of the jury if they felt that they would reach a verdict if additional time was spent in deliberations, to which the foreman replied, "Not unless someone gives a little". The court then asked how the jury stood and the reply was "seven to five". The court then declared a mistrial and ordered the jury discharged.

The record does not show that the appellant consented to the discharge. He relies upon Article 1, Sec. 14, Vernon's Annotated Texas Constitution, which provides that no person shall be twice put in jeopardy for the same offense, and upon Article 36.-31, Vernon's Ann.C.C.P., to support his plea of former jeopardy. Article 36.31, supra, provides:

"After the cause is submitted to the jury, it may be discharged when it cannot agree and both parties consent to its discharge; or the court may in its discretion discharge it where it has been kept together for such time as to render it *altogether improbable* that it can agree." (Emphasis supplied.)

At the hearing on the motion for new trial, the State contended that neither appellant nor his counsel objected to the dismissal of the jury. In Davis v. State, 144 Tex.Cr.R. 474, 164 S.W.2d 686, the jury deliberated for an hour and a half in an assault with intent to rob case. When the judge announced his intention to discharge the jury, the accused said nothing. This Court held that an accused was under no duty to object to the discharge of the jury and that jeopardy had attached. We must then look to the record to determine if the trial court abused his discretion in discharging the jury without the consent of appellant.

It appears that at the first trial of appellant testimony was taken for a total of approximately two hours. The testimony consisted entirely of circumstantial evidence given by three witnesses. The jury

considered this testimony for approximately one hour and ten minutes.

 The rule is well-settled that the exercise of discretion is determined by the amount of time the jury deliberates considered in light of the nature of the case and the evidence. Villarreal v. State, 172 Tex.Cr.R. 213, 355 S.W.2d 516, cert. denied 371 U.S. 867, 83 S.Ct. 127, 9 L.Ed.2d 103; Green v. State, 167 Tex.Cr.R. 330, 320 S.W.2d 139; Lindsey v. State, Tex.Cr.App., 393 S.W.2d 906.

This rule was set out in the early case of Powell v. State, 17. Tex.Cr.App.R. 345 (1885). There the appellant was charged with the theft of a cow. After deliberation of a total of three and one-half hours, and after having twice sent the jury to deliberate further, the court declared a mistrial. Appellant assigned as error the abuse of the trial court's discretion, and this Court wrote:

> "This discretion, then, must be measured by the time they are kept together since the improbability that they will agree is made to depend upon the time. * * * Reasonable time is not the measure of his (judge's) discretion. * * * The jury must have been kept together for such time as to render it altogether improbable that they can agree. * * * Not that they would, but that they *could* agree."

The court then held that the judge had abused his discretion in discharging the jury.

In Grigsby v. State, 158 Tex.Cr.R. 484, 257 S.W.2d 110, a misdemeanor driving while intoxicated case, this Court held that the judge abused his discretion in discharging the jury after it had deliberated only one hour and forty-five minutes, and he should have sustained the plea of former jeopardy. See Hooper v. State, Tex.Cr. App., 42 S.W. 398, and Powell v. State, supra. 1 Branch's Ann.P.C.2d, Sec. 655, p. 626.

In the present case the judge did not send the jury back for further deliberation after the report that they stood "seven to five". In view of the record, we conclude that the trial court did not keep the jury together for such a period of time as to render it altogether improbable that it could agree, and therefore, he should have sustained the plea of former jeopardy.

The judgment is reversed, and the prosecution is ordered dismissed.