IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-379-CR




EX PARTE: BOBBY W. HARPER,



 APPELLANT



 



FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT



NO. 92-044, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING


 





PER CURIAM

 The jury at appellant's trial for burglary was discharged without appellant's consent
after it was unable to reach a verdict. Appellant thereafter applied for a writ of habeas corpus,
asserting that a second trial of the indictment was barred by double jeopardy. U.S. Const. amend.
V; Tex. Const. art. I, § 14; Tex. Code Crim. Proc. Ann. art. 1.10 (West 1977). This is an
appeal from the order of the district court denying appellant's jeopardy claim.

 A hung jury may be discharged without the consent of the parties if the court, in
its discretion, determines that the jury has been kept together for such time as to render it
altogether improbable that it can agree. Tex. Code Crim. Proc. Ann. art. 36.31 (West 1981). 
The exercise of this discretion is determined by the amount of time the jury deliberates considered
in light of the nature of the case and the evidence. Patterson v. State, 598 S.W.2d 265, 268 (Tex.
Crim. App. 1980); O'Brien v. State, 455 S.W.2d 283, 285 (Tex. Crim. App. 1970). Therefore,
we must consider the amount and length of testimony heard by the jury, the time consumed by
trial, and the amount of time the jury deliberated before its discharge. Satterwhite v. State, 505
S.W.2d 870, 871 (Tex. Crim. App. 1974).

 The jury at appellant's trial heard four hours of testimony from four witnesses. 
The testimony began at 9:30 a.m. and ended, following a lunch break, at 3:00 p.m. The jurors
began their deliberations at 10:00 a.m. the following day. After deliberating for two hours before
lunch and for thirty minutes after, they sent the court a note indicating that they could not agree
on a verdict. The jury was returned to the courtroom and given an "Allen charge." After another
thirty minutes of deliberation, the jurors again informed the court that they were unable to reach
a verdict. The jury was returned to the courtroom once more and the foreman was questioned by
the court. He stated that the vote was ten to two, but had been nine to three at one point, and that
no progress had been made since deliberations began. Other jurors spoke up to indicate that no
verdict could be reached. At this time, the jury was discharged.

 Appellant argues that a verdict cannot be considered altogether improbable until
the jurors have deliberated for a period of time exceeding the time it took to hear the testimony
in the cause. This is not the law. See Munguia v. State, 603 S.W.2d 876, 878 (Tex. Crim. App.
1980) (testimony took over five hours; jury discharged after three hours; no abuse of discretion). 
Based on the record in this cause, we hold that the district court did not abuse its discretion by
discharging the jury and declaring a mistrial.

 The order of the district court is affirmed.


[Before Justices Powers, Aboussie and B. A. Smith]

Affirmed

Filed: December 9, 1992

[Do Not Publish]