[No. 21022.   Department One. — October 17, 1893.]

## THE PEOPLE, RESPONDENT, *v.* NATHANIEL GREENE, APPELLANT.

CRIMINAL LAW—TRIAL—DISCHARGE OF JURY FOR FAILURE TO AGREE—SUFFICIENCY OF RECORD—JEOPARDY.—Under section 1140 of the Penal Code authorizing the discharge of the jury in a criminal action, after the submission of the cause, "at the expiration of such time as the court may deem proper," if "it satisfactorily appears that there is no probability that the jury can agree," it is not necessary, when a jury is discharged for failure to agree, that the record should show that it satisfactorily appeared to the judge that there was no reasonable probability that the jury could agree; and the fact that the record fails to show such fact does not render it sufficient to support the pleas of former jeopardy and former acquittal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Chas. B. Darwin*, for Appellant.

The defendant had a right to a verdict, unless a sufficient reason is shown by the record why he should lose that right. The record should show that it satisfactorily appeared to the judge that there was no reasonable probability that the jury could agree. (*State* v. *Jefferson*, 66 N. C. 309; Proffatt on Jury Trials, secs. 475,

482, 491; *Ex parte McLaughlin,* 41 Cal. 219, 220; *Ex parte Hartman,* 44 Cal. 34; *People* v. *Cage,* 48 Cal. 323; 17 Am. Rep. 436; *Ex parte Maxwell,* 11 Nev. 435, 436; *People* v. *Smalling,* 94 Cal. 112; *Conklin* v. *State,* 25 Neb. 784; *State* v. *White,* 19 Kan. 445; 27 Am. Rep. 137, 139; *State* v. *Schuchardt,* 7 Cr. Law Mag. 349; *Gunther* v. *State,* 10 Cr. Law Mag. 429; *Hilands* v. *Com.,* 8 Cr. Law Mag. 745; *Bell* v. *State,* 48 Ala. 684; 17 Am. Rep. 40; *People* v. *Curtis,* 76 Cal. 58; *Wright* v. *State,* 5 Ind. 290; 61 Am. Dec. 90; Bishop's Criminal Law, secs. 1033–1045; Proffatt on Jury Trials, 475–491; Foster's Crown Cases, p. 23; *People* v. *Horn,* 70 Cal. 17; *People* v. *Hunckeler,* 48 Cal. 331; *People* v. *Ny Sam Chung,* 94 Cal. 304; *Commonwealth* v. *Cook,* 6 Serg. & R. 574; 9 Am. Dec. 465.)

*Attorney-General W. H. H. Hart, Deputy Attorney-General Chas. H. Jackson,* and *District Attorney Wm. S. Barnes,* for Respondent.

It was not necessary for the reason for the disagreement of the jury to be entered of record. (See Penal Code, sec. 1140.) It will be presumed that the judge performed his whole duty. (Code Civ. Proc., sec. 1963, subd. 15.)

PATERSON, J.—The defendant was tried upon an information charging him with embezzlement. After deliberating six hours the jury returned into court and stated to the judge that they were unable to agree upon a verdict, whereupon they were discharged. When the case came on for trial again, the defendant interposed the pleas of former jeopardy and former acquittal, and in support thereof introduced in evidence the record, showing that he had been once before tried on the same information, and that the jury had been discharged on their statement that they could not agree, after deliberating only six hours.

The court instructed the jury that the evidence offered was insufficient to sustain either of said pleas. It is now claimed that this instruction was erroneous, as

the *record must show* that it satisfactorily appeared to the judge there was no reasonable probability the jury could agree.

The statute upon which the court acted authorizes the discharge of the jury after the cause has been submitted to them, "after the expiration of such time as the court may deem proper," if " it satisfactorily appears that there is no probability that the jury can agree." (Penal Code, sec. 1140.) The reasons upon which the court deems it proper to discharge the jury are not required to be placed on record; it is sufficient that it shows the jury were unable to agree. The judge is not bound to take as final the statement of the jury that they cannot agree upon a verdict, but when such a statement is made, the court below, familiar with the nature of the evidence, and probably the temperaments of the men who compose the jury, is better qualified to say whether there is a reasonable probability of an agreement than the appellate court; certainly the latter ought not to interfere with the ruling, except in cases of clear abuse of discretion. (*People* v. *Smalling*, 94 Cal. 115.)

Judgment and order affirmed.

Garoutte, J., and Harrison, J., concurred.