THE STATE OF NEVADA, APPELLANT, v. THOMAS ARTHUR EISENTRAGER, ALSO KNOWN AS THOMAS TRIPP, RESPONDENT.

No. 4317

December 5, 1960                    357 P.2d 306

(Petition for rehearing denied January 9, 1961.)

*Roger D. Foley,* Attorney General; *Jack C. Cherry,* District Attorney, Clark County; *Charles L. Garner,* Deputy District Attorney, Clark County, for Appellant.

*Gordon L. Hawkins* and *Tad Porter,* of Las Vegas, for Respondent.

## OPINION

By the Court, PIKE, J.:

Eisentrager, respondent herein, was charged by an information filed in Clark County, Nevada, with the

crime of murder and with being a habitual criminal. Respondent pleaded not guilty to the charges and, after a jury trial lasting about four weeks, the issue of respondent's guilt as to the murder charge was submitted to the jury for its consideration on December 29, 1959. Some 42 hours after the jury had received the case, the jury was brought into court on December 31, 1959 and, not having reached a verdict, was discharged by the court. Subsequently, respondent moved for an order dismissing the information, basing the motion upon the ground that Eisentrager had been once in jeopardy. The motion to dismiss was heard and granted by a trial judge other than the judge who had presided at the trial. This appeal by the state is from the order dismissing the information.

In its written opinion the trial court relied upon a decision of this court in Ex Parte Maxwell (1876), 11 Nev. 428, 435. In the last referred to decision it considered the provisions of sec. 397 of the then Criminal Practice Act of this state, which provisions were identical with those of NCL 11007, now NRS 175.405, in effect during all proceedings had in this case, and reading as follows: " '* * * the jury shall not be discharged after the cause is submitted to them until they have agreed upon their verdict and rendered it in open court, * * * or unless, at the expiration of such time as the court may deem proper, it satisfactorily appear that there is no reasonable probability that the jury can agree.' " The decision in Ex Parte Maxwell recognized the power of the trial court, in the exercise of a sound, legal discretion, to discharge the jury after the cause had been submitted to it, without the consent of the defendant and without the discharge constituting a legal bar to a future trial by reason of the constitutional provision prohibiting double jeopardy for the same offense. It also recognized that this principle applies in all cases of manifest necessity "* * * whether such necessity arises from some physical cause occurring during the trial or the deliberation of the jury, or from the inability of the jury to agree upon a verdict." The

opinion held that the particular facts and circumstances appearing upon the record were insufficient to authorize the court, in the exercise of a legal discretion, to discharge the jury without the defendant's consent, stating that the only basis appearing in the record for the exercise of the court's discretion in dismissing the jury was that the foreman of the jury had stated that the jury was unable to agree upon a verdict. This was held to be an insufficient basis for the exercise of such discretion and that, under the circumstances disclosed by the record, the discharge of the jury was equivalent to a verdict of acquittal. Certain language[1] appearing in the opinion at page 437 indicates that, *if the record fails to establish* the existence of the facts as determined by the court in the exercise of its discretion to discharge the jury by reason of its being unable to agree upon a verdict, the discharge of the jury was an illegal exercise of power on the part of the court. The real issue before the trial court there was whether the jury could agree upon a verdict. NRS 175.405. As to what the record must show in this regard, we are in accord with the decision of the Supreme Court of California in People v. Greene (1893), 100 Cal. 140, 34 P. 630, where that court in construing sec. 1140 of the penal code of that state, which is identical with the provisions of the Nevada statute here under consideration, with reference to the authority of the court to discharge the jury "at the expiration of such time as the court may deem proper," if "it satisfactorily appears that there is no probability that the jury can agree," stated "The reasons upon which the court deems it proper to discharge the jury are not required to be placed on record. It is sufficient that it shows the jury were unable to agree. The judge is not bound to take as final the statement of the jury that they cannot agree upon a verdict, but when such a statement is made, the court below, familiar

---

[1]"The court may have been satisfied that the jury were unable to agree upon a verdict, and that there was no reasonable probability of their doing so upon further consultation and deliberation. But these were essential facts, the existence of which ought to be determined by the court and established by the record."

with the nature of the evidence, and probably the temperaments of the men who compose the jury, is better qualified to say whether there is a reasonable probability of an agreement than the appellate court. Certainly the latter ought not to interfere with the ruling, except in cases of clear abuse of discretion."

The transcript of proceedings in the appeal before us shows that the trial court, on at least two occasions prior to discharging the jury, had inquired of the foreman how the vote stood, and the foreman's answers showed in effect that the vote had fluctuated between eight to four and ten to two, with no change in the ten to two vote in the 12-hour period preceding the final session of the court at which the jury was discharged and with only a change of one juror during the jury's deliberations throughout the preceding court day. The minutes of the court recite that the court discharged the jury because it was unable to come to a conclusion, and the remarks of the judge in discharging the jury include his reference to the fact that the jury had been unable to come to a conclusion and that it was not unusual to have a "hung jury." All the foregoing appears in the record and takes the instant case out of the rule so strictly pronounced by EARLL, J.,[2] in the Maxwell case, where the record was confined to the statement that "the jury retired * * * and subsequently returned into court and by their foreman stated that they were unable to agree upon a verdict. Whereupon the court discharged the jury from further consideration of the case." The court stated: "The record is silent as to the length of time the jury were out * * *."

There were sufficient facts before the trial court upon which to exercise its discretion in discharging the jury, and there is no showing of any abuse of that discretion.

The order appealed from is hereby reversed.

McNAMEE, C. J., and BADT, J., concur.

---

[2]BEATTY, J., while concurring in the court's order remanding the prisoner to the custody of the sheriff, expressly withheld "any expression of opinion as to the effect of the discharge of that jury."