[Crim. No. 150. Fifth Dist. June 10, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. OLLIE JAMES
CARADINE, Defendant and Appellant.

John W. Ellery, Public Defender, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Doris H. Maier, Assistant Attorney General, and Roland K. Hall, Deputy Attorney General, for Plaintiff and Respondent.

STONE, J.—Defendant was tried by a jury upon an information charging him with count one, violation of section 261.1 of the California Penal Code, statutory rape, and count two, violation of section 288 of the California Penal Code, exciting the lusts of a child under the age of 14. The jury found him not guilty as to count two, but was unable to agree as to count one. The trial judge dismissed the jury, and ordered the matter reset for trial as to count one. Defendant was permitted to withdraw his plea of not guilty as to count one, and enter a plea of not guilty and once in jeopardy.

Thereafter defendant waived his right to a jury trial and, upon stipulation by defendant, his counsel and the district attorney, the plea of once in jeopardy was submitted upon the transcript of that part of the first trial relating to proceedings after the case was submitted to the jury. Defendant's plea of not guilty was submitted upon the transcript of testimony had at the trial. The trial court found against defendant on his plea of once in jeopardy, and found him guilty as to count one.

The only question presented is whether the trial court abused its discretion in discharging the jury before it agreed upon a verdict. In the words of appellant: ''The defendant raises a single issue on this appeal: Was there sufficient evi-

dence of the jury's inability to reach a verdict to warrant the discharge of jury without the consent of the defendant.''

Discharge of a jury is governed by the following provisions of Penal Code section 1140: "Except as provided by law, the jury cannot be discharged after the cause is submitted to them until they have agreed upon the verdict and rendered it in open court, unless by consent of both parties, entered upon the minutes, or unless, at the expiration of such time as the court may deem proper, it satisfactorily appears that there is no reasonable probability that the jury can agree.''

■ Since appellant did not consent to the discharge of the jury, the issue is whether the trial court abused its discretion in determining "the expiration" of a proper time to deliberate, and determining there was "no reasonable probability" that the jury could agree.

Each determination is within the sound discretion of the trial judge, a discretion that must be viewed in the light of all of the circumstances of the particular case. (*People* v. *Greene,* 100 Cal. 140 [34 P. 630] ; *Paulson* v. *Superior Court,* 58 Cal.2d 1, 6 [22 Cal.Rptr. 649, 372 P.2d 641] ; *Mitchell* v. *Superior Court,* 207 Cal.App.2d 643 [24 Cal.Rptr. 671].)

■ Appellant appears to cite as error the manner in which the trial court handled the proceeding upon return of the jury, in that the court directed his questions to the foreman and not to the jury as a body, and only the foreman addressed questions to the court. This, appellant argues, brings the case within the rationale of *Paulson* v. *Superior Court, supra.*

Although the *Paulson* case did point out that the trial judge should have polled the jury to get each individual juror's expression of opinion as to whether he thought the jury could arrive at a verdict after additional deliberation, that is a separate point which we shall discuss below. Otherwise communications between jury and court should be channeled through the foreman. Permitting any member of the jury to direct questions and comments concerning evidence, instructions and questions of law or procedure, to the court could result in prejudicial remarks by a juror.

The court gave the jury every opportunity to ask questions through the foreman, and several questions were asked. The court, in turn, asked the foreman a good many questions which, insofar as the record reflects, were answered by the foreman to the satisfaction of the entire jury. The principal error in the *Paulson* case appears to have been the discharge

of the jury without giving it an opportunity to return to the jury room and deliberate after asking questions and being questioned by the court. Here, the court sent the jury back to deliberate after the questioning.

We deem it a critical distinction, also, that the judge in *Paulson* did not discharge the jury because he believed further deliberation would be fruitless, but because he thought a wrong verdict would result. This is clear from the statement of the judge in *Paulson* that: ''Well, it just appears to the Court, Mr. Foreman, that this Jury has been confused. Some of the jurors are off on a tangent. Apparently they have misconceived the evidence, failed to understand the instructions or have not been able to apply the instructions to the evidence. I feel that I should declare this a mistrial.'' (Pp. 4-5.)

Next, appellant contends the court abused its discretion in not again reading the instructions to the jury before sending them back for further deliberations. However, the court advised the jury: ''. . . the Court can give you, can read the instructions again to you if there is any doubt, without intending to emphasize that point as opposed to any other, but if there were any special point upon which there were questions I could do this, but I will have to rely upon your judgment as to the point. . . .'' The foreman said: ''Could I just ask this? If it gets to the point where it shows that we would want you to read your instructions again would that help?'' The court answered: ''Well, let me make a suggestion. Rather than doing it here where it might be indicative as to circumstances anyway I will suggest that you go back into the jury room and if you feel that it would have likely been of any help that after some deliberation don't hesitate to advise the bailiff who will come, of course, and advise the Court and, as I say, if you feel your deliberations are of no further avail you advise us of that and we will rely upon you.''

There is nothing in the record to indicate that the jury ever requested a rereading of the instructions. The foregoing colloquy, standing alone, should not be construed as a refusal to reread them.

Appellant also asserts the trial court in sending the jury back for further deliberations impliedly limited it to 10 or 15 minutes. The record reflects that the court said: ''. . . I have only one suggestion to make to you and I think I will do this, I will ask you that you go back and take

perhaps another ten minutes or fifteen at your choosing and if at the end of that time you feel you are not likely to be able to reach a verdict on this point, that you bring in the verdict to which you can agree and at that time we will see where we are. Now, I want you to understand one point. I do not mean by any stretch of the imagination, and I am addressing myself to all of you, to indicate anything with regard to the result. I have been expressly trying to frame my questions so they put no pressure upon anybody because there just isn't any such intent on my part. Apart from that, I think I have no further comments to you and I would suggest that you—'' After an interruption, the court continued: ''We can stay here as long as you like and you can make as many trips in and out as you like and please remember we are all here with just one end in mind and that's the proper resolution of this matter; whatever, that may be of the problem that is before us.''

This concluding remark removes any implication of restriction that might have been inferred from the judge's prior statements. It appears the jury did not interpret the judge's remark as a 10 or 15 minute limitation upon their deliberations, as they remained out for a half hour.

We come now to appellant's point mentioned above, that the court did not poll the jury in order to determine each individual juror's view as to whether further deliberations might result in a verdict. When the jury made its final appearance in the court room, the following occurred: ''THE COURT: All right, ladies and gentlemen, as I understand it you have reached a verdict?

''FOREMAN: On one count.

''THE COURT: On one count. As to the other what is your position? Do you believe yourself to be hopelessly deadlocked on that point?

''FOREMAN: Right.

''THE COURT: All right, if you will hand to the bailiff the verdict.''

■ A number of cases, including *Paulson*, hold that a trial judge should not discharge a jury on the ground there is no reasonable probability that it can agree, without questioning the jurors individually as to such probability. But these cases all point out that desirable as this means of determining the probability of agreement may be, Penal Code section 1140 does not require it, nor does the statute delineate

50

what procedure the trial court shall follow in making the determination. (*People* v. *Demes,* 220 Cal.App.2d 423, 433 [33 Cal.Rptr. 986] ; *Paulson* v. *Superior Court, supra,* at p. 7.)

 Finally, appellant contends the period of jury deliberation was so short that its discharge constituted an abuse of discretion. The record reflects that the case went to the jury at 5:30 p.m. and the jury was discharged at 9:47 p.m., a period of 4 hours and 17 minutes. However, some of this time was consumed by the proceedings when the jury returned to the court room the first time at 9:10 p.m.

Appellant points out also that although the record is silent on the matter, the jury must have taken time out for dinner, thus materially reducing the total deliberation time.

 Standing alone, the period of deliberation is not determinative; the judge must make his assessment of reasonable probability of the jury reaching a verdict on a number of factors, of which the period of deliberation is just one. Discretion must be viewed from all of the circumstances. (*People* v. *Wooley,* 15 Cal.App.2d 669, 673 [59 P.2d 1065] ; *People* v. *Casserio,* 16 Cal.App.2d 223, 228 [60 P.2d 505].)

 We find no case in which the period of deliberation alone was the deciding factor. If time were the sole factor, we would not know where to draw the line; but surely some two and a half hours would be close to it where the jury has reached a verdict on one count and stands eleven to one on the other, as here. Time is not the sole factor however, as the court observed in *People* v. *Greene, supra,* 100 Cal. 140, at page 142: "The judge is not bound to take as final the statement of the jury that they cannot agree upon a verdict, but when such a statement is made, the court below, familiar with the nature of the evidence, and probably the temperaments of the men who compose the jury, is better qualified to say whether there is a reasonable probability of an agreement than the appellate court; certainly the latter ought not to interfere with the ruling, except in cases of clear abuse of discretion."

 Viewing all of the circumstances surrounding the discharge of the jury, we cannot say the trial court abused its discretion in determining, pursuant to Penal Code section 1140, there was no reasonable probability that the jury could agree.

The judgment is affirmed.

Conley, P. J., and Brown (R. M.), J., concurred.