[L. A. No. 29487.   In Bank.   Dec. 19, 1967.]

THE PEOPLE, Petitioner, v. THE SUPERIOR COURT
OF ORANGE COUNTY, Respondent; ANTONIA
LLABORA THOMAS, Real Party in Interest.

Cecil Hicks, District Attorney, and Everett W. Dickey, Assistant District Attorney, for Petitioner.

Adrian Kuyper, County Counsel, and Arthur C. Wahlstedt, Jr., Deputy County Counsel, for Respondent.

Dudley Gray, under appointment by the Supreme Court, for Real Party in Interest.

PETERS, J.—The People petition for a writ of mandate to compel respondent superior court to vacate an order of mistrial, record a jury verdict, and appoint a time for pronouncement of judgment in People v. Antonia Llabora Thomas.

Mrs. Thomas, the real party in interest referred to hereafter as defendant, was charged with murder of her seven-day-old son.[1] The case was submitted to the jury on May 24, 1967, and the following day the jury returned a verdict of guilty of first degree murder. After the clerk read the verdict and asked whether it was the jury's verdict, the jurors answered in the affirmative. Defense counsel requested that the jury be polled. In answer to the clerk's questions, the first four jurors individually stated that the verdict was theirs. The following then occurred:

"THE CLERK: Joseph Schissler, is this your verdict?

MR. SCHISSLER: I—— I don't know how to tell you this. Should I tell you or——

THE COURT: Is that your verdict?

---

[1] The defendant seeks to augment the record with the addition of the transcript of the oral proceedings and the clerk's transcript in the criminal proceedings. It is claimed that those records will show that even though she has been charged with first degree murder she has at all times been admitted to bail on her own recognizance; that the prosecutor agreed that he would dismiss the case against her if she submitted to, and passed, certain examinations; that she did submit to such tests and passed them; that the transcript will reveal a complete lack of evidence in support of the prosecution. These matters have no relevancy to this mandate proceeding. The requested relief should be denied.

MR. SCHISSLER: I didn't vote on it, your Honor.

THE COURT: Will you continue to poll the jury?''

The remaining jurors were polled and each answered that the verdict was his. The court thereupon declared a mistrial. The following colloquy then occurred:

''MR. CRONIN [the prosecutor]: Your Honor, this has been a long trial. Could this man be questioned—— this has been a long trial. We must see if we've got a verdict.

THE COURT: Mr. Schissler has announced that he did not vote on the verdict. In order to have a verdict it's required that there be a unanimous verdict of all twelve jurors.

MR. CRONIN: The foreman of the jury indicates he did vote for this verdict.

THE COURT: Mr. Schissler, did you vote for this verdict?

MR. SCHISSLER: I went with the majority, sir.

MR. GRAY [Defense counsel]: Well then, the verdict doesn't reflect his individual opinion.

MR. SCHISSLER: That was the way I—— I went along with the majority. I said I would go with the majority but I didn't write that on the paper. That's why I made that statement.

THE COURT: Mr. Schissler, does this verdict express your individual opinion?

MR. SCHISSLER: I still go with the jury, sir.

THE COURT: Does this verdict express your individual opinion?

MR. SCHISSLER: It does, sir. It does, sir.

THE COURT: What is your individual opinion?

MR. SCHISSLER: I went along with the majority of the jury and——

THE COURT: The court declares a mistrial in this case.

MR. CRONIN: In this case, the——

THE COURT: I'm sorry, I have ruled. Court is in recess.''

The People contend that the verdict was, in fact, unanimous, and that in any event, if it were not the trial judge should not have declared a mistrial, but that if he was convinced that one of the jurors had not agreed with the verdict he should have sent the jury back for further consideration under section 1164 of the Penal Code.[2]

Assuming without deciding that mandate is available upon

[2]That section provides: ''When the verdict given is such as the court may receive, the clerk . . . must record it in full upon the minutes, and if requested by any party must read it to the jury, and inquire of them whether it is their verdict. If any juror disagrees, the fact must be entered upon the minutes and the jury again sent out; but if no disagreement is expressed, the verdict is complete, and the jury must be discharged from the case.''

the petition of the People to review an order granting a mistrial in a criminal case,[3] we are satisfied that the trial court acted well within its discretion in declaring a mistrial in the instant case. ■ The Constitution guarantees the fundamental right to a unanimous jury verdict. (Cal. Const., art. I, § 7.) Unanimity obviously requires that each juror must vote for and acquiesce in the verdict. Acquiescence simply because the verdict has been reached by the majority is not an independent judgment, and if permitted, would undermine the right to a unanimous verdict. (Cf. *People* v. *Wilt*, 173 Cal. 477, 486 [160 P. 561]; *People* v. *Baumgartner*, 166 Cal.App. 2d 103, 107, 108 [332 P.2d 366].)

■ Where, as here, a juror makes equivocal or conflicting statements as to whether he has assented to the verdict freely and voluntarily, a direct question of fact within the determination of the trial judge is presented. The trial judge has the opportunity to observe the subtle factors of demeanor and tone of voice which mark the distinction between acquiescence and evasion of individual choice. The trial judge can determine whether returning the jury for further deliberation is likely to secure a real verdict, or whether the juror has really disagreed so that the verdict is not unanimous and not likely to become so.

Here on the polling of the jury Mr. Schissler first announced that he had not voted on the verdict. His later answers seemed to indicate that he did not individually agree with the verdict but finally agreed to go along with the majority. Then he stated that the verdict reflected his individual opinion but subsequently seemed to indicate that this merely represented his prior decision to go along with the majority, not his individual belief based on the evidence.

[3] The cases dealing with this question are not entirely in accord. The right of the People to apeal in criminal cases has been limited by the Legislature. (Pen. Code, § 1238.) Three cases have reasoned that to permit review by mandate on petition of the People of trial court rulings where the court had personal and subject matter jurisdiction would give the People the very appeal the lawmakers have denied them. (*People* v. *Superior Court*, 217 Cal.App.2d 517, 520 [31 Cal.Rptr. 710]; *People* v. *Justice Court*, 185 Cal.App.2d 256, 258-259 [8 Cal.Rptr. 176]; *People* v. *Superior Court*, 137 Cal.App.2d 194, 195-196 [289 P.2d 813]; cf. *Gershenhorn* v. *Superior Court*, 227 Cal.App.2d 361, 366-367 [38 Cal.Rptr. 576].) On the other hand, five cases have permitted review by mandate upon petition of the People in cases where the trial court had personal and subject matter jurisdiction. (*People* v. *Superior Court*, 202 Cal. 165, 174-175 [259 P.2d 943]; *People* v. *Superior Court*, 249 Cal.App.2d 714, 715 [57 Cal.Rptr. 892]; *People* v. *Superior Court*, 240 Cal.App.2d 90, 92 [49 Cal.Rptr. 365]; *People* v. *Superior Court*, 202 Cal.App.2d 850, 854-855 [21 Cal.Rptr. 178]; *People* v. *Superior Court*, 199 Cal.App.2d 303, 305, 310 [18 Cal.Rptr. 557].)

Under such circumstances it was the function of the trial court to determine the state of mind of juror Schissler. The determination of the matter rested largely within the discretion of the trial judge.

The People rely upon *People* v. *Burnett*, 204 Cal.App.2d 453, 457-458 [22 Cal.Rptr. 320], where the juror equivocated before finally acquiescing in the verdict, and the trial judge determined that the juror concurred in the verdict. The appellate court stated that when a juror dissents from the verdict, the jury may be sent back for further deliberation but that the verdict must be sustained if a juror, although first answering evasively or in the negative, finally acquiesces in the verdict. The language used by the court must be read in the light of the fact that there the trial judge, who observed the demeanor of the juror, determined that in view of the juror's statements he had acquiesced in the verdict. In the instant case, of course, the trial judge made the opposite determination.[4]

Nor can reliance be placed on section 1164. Even if the trial judge should have sent the jury back for further deliberation the relief requested—entry of a verdict—could not have been granted because the trial court had found that there was not a unanimous verdict, and that finding is supported.

Some question is raised that if the People are denied relief defendant could urge the bar of jeopardy. Such a defense does not seem available. This is a clear case of a mistrial because of lack of a unanimous jury, a typical situation in which jeopardy has no application. But even if jeopardy were to attach it would be improper to grant mandate in a situation otherwise improper solely to avoid jeopardy (cf. *People* v. *Valenti*, 49 Cal.2d 199, 208, 209 [316 P.2d 633]).

The petition to augment the record is denied; the alternative writ of mandamus is discharged and the petition for a writ of mandate is denied.

Traynor, C. J., McComb, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.

---

[4]Both parties rely upon decisions from other jurisdictions. They are not helpful. Many of them may be reconciled on the theory that the appellate court was merely upholding a trial court determination when the juror's responses were equivocal or conflicting. A few of the cases cannot be reconciled on this basis, but each in part depends upon the particular responses of the juror, and it does not appear that any sound purpose would be served by discussing the cases individually.