[Civ. No. 10968. Fourth Dist., Div. Two. June 25, 1971.]

ROBERT LYNN CLEMENSEN, Petitioner, v.
THE MUNICIPAL COURT FOR THE WEST ORANGE COUNTY
JUDICIAL DISTRICT OF ORANGE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

494

**COUNSEL**

Walker & Davis, Wallace R. Davis and John P. McDonald for Petitioner.

Cecil Hicks, District Attorney, and Oretta D. Sears, Deputy District Attorney, for Respondent and for Real Party in Interest.

**OPINION**

**GABBERT, J.**—Petitioner seeks a writ of prohibition to stay further criminal proceedings in the Municipal Court, West Orange County Judicial District, of Orange County on the ground of former jeopardy.

The facts set forth in this opinion are those agreed to in the respective briefs of counsel. No court reporter was present at the trial.

The petitioner, Robert Lynn Clemensen was involved in a traffic accident; as a result, he was charged with misdemeanor manslaughter in the driving of a vehicle, a violation of Penal Code, section 192, subdivision (3)(b). His trial commenced on Tuesday, September 15, 1970, and about 9 a.m. on Friday, September 18, the case was submitted to the jury for decision. About 2:30 p.m. the trial judge asked defense counsel to stipulate that the court might instruct, question, or dismiss the jury in the absence of counsel. Counsel declined to do so, stating: "No, I don't think I can." Defense counsel then told the judge his office was only about 15 minutes away from the court and requested permission to go to his office and be placed on a 15-minute call. The judge said: "Yes, that will be all right—no problem." As defense counsel left the courtroom he asked the clerk if the latter had his [counsel's] telephone number. The clerk replied: "Yes, here it is right on top of the file." Counsel then told the clerk: "The judge has allowed me to be on a fifteen minute call, so please call me whenever the jury has to be returned to the courtroom." Counsel then left the courtroom and went directly to his office.

At some undetermined time between 2:30 p.m. and 5 p.m., in the absence of counsel, the following events took place, set out in the exact words of the agreed facts submitted to us:

"a. After having asked the jury, through the foreman, if they had arrived at a decision, the Court obtained a 'negative answer'. Also, the foreman said to the Court, 'I don't blame them'. The Court then called the jury into the courtroom.

"b. No discussion was held with defendant before the jury was brought in.

"c. The Court communicated with the foreman (a lady) of the jury.

"d. The Court did not question each juror individually.

"e. The Court asked the foreman (a lady): 'Do you feel further deliberations will enable you to arrive at a verdict?' The foreman said, 'No.' The Court then asked the rest of the jurors as a whole: 'Do you agree with the statement of your foreman?' He received nothing as a response. The judge, in his testimony, could not recall making any inquiry as to whether specific additional time, such as one-half hour or one hour, for further deliberations was discussed with the jurors. The defendant said no other verbal communication took place.

The Court knew that the foreman, Mrs. Kline, was an 'out-spoken strong person', the domineering type; what one would call a leader.

"f. The Court was of the opinion that 'defense counsel was not necessary' at this stage of the proceedings, and that he 'ought to go home'.

"g. The Court observed facial expressions, 'tilting of the head', and other non-verbal signs as a means of reading how the jurors felt, as a matter of habit, and on this occasion the Court felt that he and defense counsel would not have disagreed as to what these non-verbal signs meant.

"h. The Court made a determination that the jurors could not arrive at a decision.

"i. The Court declared a mistrial.

"j. The defendant did not have an opportunity to call his counsel prior to the activities mentioned above.

"k. The Court said to defendant: 'Don't worry, your rights are being protected by the Court. Will you waive counsel being present before I dismiss the jury?' Defendant said, 'Yes.' The Court did not *Mirandize* the defendant.'

"l. The Court dismissed the jury, then discussed with them the difficulty of the case.

"Counsel for defendant would not have allowed the matter to proceed in his absence. The bailiff, Mr. Tarter, testified that he knew of no system in the court provided to allow defense counsel to know of the communications between the judge and the jury."

Thereafter, petitioner's motion to permit him to enter a plea of once in jeopardy was denied. The case was set for retrial. A petition to the

superior court for a writ of prohibition was denied and this court issued an alternative writ and stayed the trial. ■ Prohibition is a proper remedy to prevent retrial when a defendant has been once in jeopardy. (*Curry* v. *Superior Court,* 2 Cal.3d 707, 712 [87 Cal.Rptr. 361, 470 P.2d 345]; *Paulson* v. *Superior Court,* 58 Cal.2d 1, 5 [22 Cal.Rptr. 649, 372 P.2d 641]; *Cardenas* v. *Superior Court,* 56 Cal.2d 273, 275 [14 Cal. Rptr. 657, 363 P.2d 889, 100 A.L.R.2d 371]; *Mitchell* v. *Superior Court,* 207 Cal.App.2d 643, 647 [24 Cal.Rptr. 671].) For the reasons we will discuss we issue a peremptory writ of prohibition.

■ In California, in our sister states, and under the federal jurisdiction, jeopardy attaches when a defendant is placed on trial before a court of competent jurisdiction and a jury is duly impaneled and charged with his deliverance. ■ If the jury is discharged without returning a verdict, the defendant cannot again be put in jeopardy unless he consented to the discharge or legal necessity required it. ■ The discharge of a jury contrary to law is equivalent to a verdict of acquittal. (*Mitchell* v. *Superior Court, supra,* 207 Cal.App.2d 643, 648; *Paulson* v. *Superior Court, supra,* 58 Cal.2d 1, 5.)

■ At the outset we consider whether petitioner had a right to counsel which he intelligently waived, thus consenting to the discharge of the jury and precluding himself from raising the issue of double jeopardy.

Article I, section 13 of the California Constitution states: "In criminal prosecutions, in any court whatever, the party accused shall have the right . . . to appear and defend, in person and with counsel."

This right is reiterated in Penal Code, section 686, subdivision 2. However, no California case has been found by us which has decided the specific question of whether the right extends to the time of discharge of the jury at a mistrial.

■ The right to counsel, of course, is not limited to the evidentiary portions of the trial. For example, where defense counsel was not present at the time his objection to evidence submitted at the preliminary hearing was ruled upon, and the court heard additional prosecution argument before ruling, the appellate court reversed the ensuing conviction. (*People* v. *Hellum,* 205 Cal.App.2d 150 [22 Cal.Rptr. 724].) In *People* v. *Trim,* 37 Cal. 274, it was held reversible error for the court, after the jury had retired, to further instruct the jury in the absence of defense counsel. (See Pen. Code, § 1138.) In another context, the California Supreme Court declared the "right of an accused to counsel is not limited to proceedings which are labeled criminal but additionally extends to proceedings . . . which ' "must be regarded as part of the proceedings in the criminal

case." ' " *People* v. *Fields,* 62 Cal.2d 538, 542 [42 Cal.Rptr. 833, 399 P.2d 369].)

 The discharge of the jury at time of a mistrial is obviously part of the criminal proceedings, and thus would seem to come within the scope of the right to counsel. The Court of Criminal Appeals of Texas (*Davis* v. *State,* 144 Tex.Crim.Rep. 474 [164 S.W.2d 686]) has reversed a conviction obtained after the first jury had been discharged in the absence of defense counsel. However, in *Davis,* the trial judge found the jury was unable to reach a verdict after only one hour of deliberation, with the vote standing at eleven to one for acquittal. The opinion mentions the denial of counsel incidentally, but is not explicit in describing how this prejudiced the defendant.

While we have found no direct authority upon the precise question in this state, there is some analogy to a police line-up. Counsel's proper role at a line-up is unclear, but his right to be there is settled. (*United States* v. *Wade,* 388 U.S. 218 [18 L.Ed.2d 1149, 87 S.Ct. 1926].) It is to be hoped the very presence of counsel will help insure fairness. While counsel cannot demand the jurors be questioned individually prior to their discharge for disagreement, such a request might well be granted. When no reporter is present, counsel can make certain the minutes are complete and accurate for the record.

The district attorney, representing the real party in interest, asks, in effect, "what could counsel have done had he been present?" We would point to the language in *People* v. *Lovely,* 16 Cal.App.3d 196, at pages 200-202 [93 Cal.Rptr. 805]. On those pages the colloquy between court, counsel and jurors is set out. There the court extended to counsel the opportunity to ask further questions about the ability of the jury to reach a verdict. The court made inquiry as to the number of ballots which had been taken, the numerical division of the jury, whether there had been significant changes in the numerical division on late ballots, and whether any of the jurors had a different viewpoint than the foreman about a unanimous verdict; the record shows none had. "Then the court inquired of each counsel whether they had any further questions regarding the ability of this jury to arrive at a verdict and each counsel responded in the negative." (P. 202.) The Court of Appeal found the jury was properly discharged for necessity in a recognized and proper fashion. The plea of double jeopardy in *Lovely* was denied and the conviction affirmed.

We would contrast the proceedings in *Lovely* with those in the case at bench. The fact the proceedings were even questioned in *Lovely* suggest compelling reasons for examining the inquiry made by the judge in the case before us.

Had counsel been present as he had requested, he could have suggested the court make additional inquiries of the jury. A specific poll of the jury could have been requested. Counsel could have discussed with the court the possibility of further deliberation. Counsel could have requested a record. Since petitioner was represented by private counsel, the additional legal expense incident to a retrial of an action that had already taken four days could have been brought to the attention of the court and such consideration might have induced the trial judge to permit further deliberation by the jury.

We do not know how the jury was divided and it makes no difference whether the discharge of the jury improved petitioner's chances for eventual acquittal or not. The test is not whether the defendant was possibly benefited. The conception of benefit involves nothing more than an exercise in pure speculation. To retry petitioner would subject him to additional expense, personal strain and insecurity regardless of whether he was abstractly benefited by the court's action and regardless of the motivation underlying the trial judge's action. It was an abuse of discretion for the court to foreclose the right of the peitioner to have the jury determine his matter at a single trial until a "scrupulous exercise of judicial discretion leads to the conclusion that the ends of public justice would not be served by a continuation of the proceedings." (See *United States* v. *Jorn,* 400 U.S. 470, 482-485 [27 L.Ed.2d 543, 555-557, 91 S.Ct. 547, 557].) (Plurality opinion of Justice Harlan.)

We would stress the circumstance that when petitioner agreed to waive counsel he had already been told by the judge the presence of his counsel was unnecessary and the court would protect his rights. While we attach no improper motives to the action taken by the court, it nevertheless deprived petitioner of his right to have counsel present.

We emphasize the right to counsel, which we hold exists at the time a jury is discharged for failure to agree on a verdict, applies only where counsel is available to return to court promptly. If counsel had gone to his office without the court's permission, or could not be reached at the telephone number left with the clerk, or failed to return within 15 minutes as he promised he would do, no right of petitioner would have been violated.

A defendant has a right to counsel at sentencing (*In re Boyce,* 51 Cal.2d 699 [336 P.2d 164]; *In re Roberts,* 40 Cal.2d 745 [255 P.2d 782]; *In re Levi,* 39 Cal.2d 41 [244 P.2d 403]), but it is not error to sentence a defendant without counsel when his counsel has made himself unavailable. (See Annot., Absence of counsel for accused at time of sentence as requiring vacation thereof or other relief, 20 A.L.R.2d 1240.) Thus in

*Drolet* v. *Commonwealth,* 335 Mass. 382 [140 N.E.2d 165], defense counsel left the courtroom, without explanation, after his final argument, in order to keep a social engagement in another state. The jury heard final argument by the prosecutor and counsel for co-defendant, listened to the instructions, and returned the verdict in the absence of counsel. The court found no error in proceeding with the trial after this intentional departure by defendant's attorney. The same rule should apply at the discharge of the jury when counsel intentionally absents himself or cannot be reached. However, such is not the case here, since counsel was available and the petitioner had a right to his presence. Where there is a right to counsel, *Miranda* requires the accused be informed of that right before it can be effectively waived.

■ Where a party elects to be represented by counsel his attorney has the authority and the duty to handle the trial. (Witkin, Cal. Criminal Procedure (1963) p. 371.) Counsel had informed the court of his desire to be present when the jury was recalled to the courtroom and the judge had agreed to such procedure. Both petitioner and his attorney had a right to rely on this promise made by the court.

■ With the foregoing considerations in mind we find no valid consent by petitioner, in the absence of his counsel, to the discharge of the jury and no consequent waiver of the right to plead "once in jeopardy."

Beyond the issue of consent by petitioner to the discharge of the jury is the further question: Was there a legal necessity for the discharge of the jury?

The power of government to put an individual through a series of prosecutions for the identical offense has been determined to "cut deeply into the framework of procedural protections which the Constitution establishes for the conduct of a criminal trial." (See *United States* v. *Jorn, supra,* 400 U.S. 470, 479 [27 L.Ed.2d 543, 553, 91 S.Ct. 547].) In *Jorn* the United States Supreme Court discussed the double jeopardy prohibition in the Fifth Amendment (now held directly applicable to the states through the Fourteenth Amendment)[1] and comments at 400 U.S. pp. 479-480 [27 L.Ed.2d pp. 553-554, 91 S.Ct. pp. 554-555] (plurality opinion of Justice Harlan):

"But it is also true that a criminal trial is, even in the best of circumstances, a complicated affair to manage. The proceedings are dependent in the first instance on the most elementary sort of considerations, e.g., the health of the various witnesses, parties, attorneys, jurors, etc., all of whom must be prepared to arrive at the courthouse at set times. And when one

---

[1]See *Benton* v. *Maryland* (1969) 395 U.S. 784 [23 L.Ed.2d 707, 89 S.Ct. 2056].

adds the scheduling problems arising from case overloads, and the Sixth Amendment's requirement that the single trial to which the double jeopardy provision restricts the Government be conducted speedily, it becomes readily apparent that a mechanical rule prohibiting retrial whenever circumstances compel the discharge of a jury without the defendant's consent would be too high a price to pay for the added assurance of personal security and freedom from governmental harassment which such a mechanical rule would provide. As the Court noted in *Wade* v. *Hunter,* 336 U.S. 684, 689 (1949), 'a defendant's valued right to have his trial completed by a particular tribunal must in some circumstances be subordinated to the public's interest in fair trials designed to end in just judgments.'

"Thus the conclusion that 'jeopardy attaches' when the trial commences expresses a judgment that the constitutional policies underpinning the Fifth Amendment's guarantee are implicated at that point in the proceedings. The question remains, however, in what circumstances retrial is to be precluded when the initial proceedings are aborted prior to verdict without the defendant's consent."

Generally, the discretion of the trial judge determines whether, under all the circumstances, such necessity exists. If it does, a plea of former jeopardy will not prevail on a subsequent trial, even though the accused does not consent to the discharge of the jury.

"There is no fixed rule laid down to control this discretion, and unless it has been grossly abused a plea of former jeopardy cannot be sustained; the court cannot act arbitrarily or capriciously. No formula should be mechanically applied, and all the abstract circumstances should be taken into account." (See 22 C.J.S. 669, 671-672 and cases cited.)

The California cases have upheld the discretionary power of the trial judge to declare a mistrial without the consent of the defendant, when a legal necessity exists. (*Curry* v. *Superior Court, supra,* 2 Cal.3d 707; *Paulson* v. *Superior Court, supra,* 58 Cal.2d 1; *Cardenas* v. *Superior Court, supra,* 56 Cal.2d 273; *Jackson* v. *Superior Court,* 10 Cal.2d 350 [74 P.2d 243, 113 A.L.R. 1422].) A common cause of "necessity" is the situation where the jury is unable to agree. In this situation wide discretion is vested in the trial judge to determine whether or not to discharge the jury. ▮▮ As is stated in *People* v. *Demes,* 220 Cal.App.2d 423, 433-434 [33 Cal.Rptr. 896]:

"The jeopardy defense is not available if the jury is discharged for some recognized proper cause. Section 1141 of the Penal Code provides that 'the cause may be again tried' where a jury 'is discharged or prevented from giving a verdict by reason of an accident or other cause'; and section 1140 of the same code declares that 'the jury cannot be discharged

after the cause is submitted to them . . . unless, at the expiration of such time as the court may deem proper, it satisfactorily appears that there is no reasonable probability that the jury can agree.' . . . Although it has been observed that the jurors should ordinarily be questioned individually as to the probability or otherwise of reaching a verdict (*Paulson* v. *Superior Court*, 58 Cal.2d 1, 7 [22 Cal.Rptr. 649, 372 P.2d 641]), the statute specifies no particular procedure and the final decision is in effect left to the court's broad discretion." (See also *People* v. *Caradine*, 235 Cal.App.2d 45, 49-50 [44 Cal.Rptr. 875].)

■ The trial judge here did not follow the preferable method suggested in *Paulson* for making such determination by polling the jurors. Nor do we have any record showing how the jury stood.

Although the inquiry instituted by the trial judge in the case at bench might under ordinary circumstances establish a "necessity" sufficient to discharge the jury and declare a mistrial, under the peculiar facts disclosed here such "necessity" is not shown. We concede there are circumstances, even in the absence of counsel, where a trial judge may discharge a jury and order a new trial.[2] However, here counsel specifically declined to stipulate the jury might be discharged in his absence. He had also obtained permission from the judge to return to his office from which he would be available to return to the court on short notice. He remained at his office and was available. Under these facts, for the court not to keep its promise to notify counsel when the jury was to be called into the courtroom was an abuse of discretion and of the trial process. There was no necessity to discharge the jury *before* waiting the few minutes for counsel to appear.

In the case before us, there was no inquiry by the court as to the number of ballots taken or the numerical division of the jury. No reporter was present and no record was kept.

We cannot presume a "necessity" to discharge a jury for disagreement when the above imperfections and shortcomings exist.

Perhaps a proper way to put this case in perspective is to reflect on the ordinary meaning of Penal Code, § 686, "In a criminal action the defendant is entitled: . . . 2. To be allowed counsel as in civil actions, or to appear and defend in person and with counsel." Discharge of the jury is certainly an important part of the criminal action. Although it is within the discretion of the trial court to discharge a jury for disagreement. many other rulings are in its discretion, at which counsel has the undeniable right to be present.

---

[2]Where, for example, counsel was unavailable or refused to attend the proceedings.

Considering all the circumstances we are of the opinion the trial judge abused his discretion in determining there was no reasonable probability the jury could agree, under Penal Code, section 1140, *before* giving petitioner's counsel an opportunity to be present, as the court had indicated it would do.

Since jeopardy attached, the petitioner cannot be compelled to assume the additional peril of being tried again. The alternative writ is discharged; let a peremptory writ issue, prohibiting respondent court from proceeding further with petitioner's case, other than to dismiss it.

Gardner, P. J., and Tamura, J., concurred.