[Crim. No. 2920. Fifth Dist. Dec. 13, 1976.]

In re ALBERT WAYNE CHAPMAN on Habeas Corpus.

## COUNSEL

Richard E. Salisch, under appointment by the Court of Appeal, for Petitioner.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, James T. McNally and Patrick A. McAravy, Deputy Attorneys General, for Respondent.

## OPINION

BROWN (G. A.), P. J.—Petitioner, Albert. Wayne Chapman, by way of habeas corpus filed with the Supreme Court and transferred to this court,

seeks discharge from his confinement in state prison on the ground that he was once in jeopardy on the same charge prior to his conviction in a second trial ending July 30, 1974. In the latter trial he was found guilty of the sale of a controlled substance in violation of section 11352 of the Health and Safety Code.

The former proceeding commenced and terminated on June 5, 1974, when the trial judge declared a mistrial after determining the jury could not agree upon a verdict. (See Pen. Code, § 1140.)[1] Petitioner claims it was error for the trial judge to have declared the mistrial.

In the first trial the presentation of evidence commenced at 11:15 a.m., court was recessed at 11:51 a.m. until 1:30 p.m. for lunch, and the cause went to the jury at 3:20 p.m., a total trial time of less than two and one-half hours. After deliberating until approximately 4:48 p.m., a period of one hour and twenty-eight minutes, the jury returned to the courtroom to announce its verdict. At that time the following took place:

"THE COURT: Mr. Flake, you are the Foreman?

"THE FOREMAN: Yes, I am, Your Honor.

"THE COURT: The jury has arrived at a verdict?

"THE FOREMAN: Yes, they have, Your Honor.

"THE COURT: Would you hand it to the bailiff, please? Madam Clerk, would you read the verdict?

"THE CLERK: (reading): 'In the Superior Court of the State of California, for the County of Tulare. The People of the State of California, Plaintiff, versus Albert Wayne Chapman, Defendant. We, the jury, find the defendant not guilty. S. B. Flake, Foreman.'

---

[1]Penal Code section 1140 provides: "Except as provided by law, the jury cannot be discharged after the cause is submitted to them until they have agreed upon their verdict and rendered it in open court, unless by consent of both parties, entered upon the minutes, or unless, at the expiration of such time as the court may deem proper, it satisfactorily appears that there is no reasonable probability that the jury can agree."

"THE COURT: Ladies and gentlemen of the jury, is this your verdict?

"THE FOREMAN: Yes, it is.

"THE COURT: Do you wish the jury polled?

"MR. LEDDY [the prosecutor]: Yes, your Honor.

"THE COURT: As your name is called answer whether it is your verdict.

"THE CLERK: (reading) 'We, the jury, find the defendant not guilty.'

"Vera Cotton, is this your verdict?

"JUROR COTTON: Yes.

"THE CLERK: Juanita Cruz, is this your verdict?

"JUROR CRUZ: Yes.

"THE CLERK: Asa Brown, Sr., is this your verdict?

"JUROR BROWN: Yes.

"THE CLERK: Jolene M. Hunsucker, is this your verdict?

"JUROR HUNSUCKER: No. I don't understand.

"THE COURT: Was the verdict that was just read (reading): 'We, the jury, find the defendant not guilty,' and either side has the right to have the jury polled, which is asking them individually if that is your verdict.

"THE FOREMAN: Well, we misunderstood. Could we take that over again?

"THE COURT: You mean that this was not your verdict? In other words, polling is, all you are asking on the verdict, so that

everybody understands each other: the verdict form that has been signed and handed to the Court is (reading): 'We, the jury, find the defendant not guilty.'

"Now, the clerk asks everyone if that was your verdict. I assume that that is your verdict, and now you are being polled individually to determine whether or not that was your individual verdict.

"A JUROR: We misunderstood. Can we do it over again, please?

"THE COURT: All right. In other words, if this is not your verdict, all twelve of you have to agree, and 'not guilty' is what the verdict of this jury is. Is there any question, Mr. Foreman?

"THE FOREMAN: Well, it was not unanimous, either way.

"THE COURT: Well, then, that isn't a verdict. You have—why did you sign this (reading): 'We, the jury, find the defendant not guilty'?

"THE FOREMAN: Because we didn't find him guilty.

"THE COURT: Let me ask you this: in other words—well, let's go back and poll—well, wait a minute.

"In other words, what you are saying, you didn't arrive at a 12-jurors agreeing upon a verdict?

"THE FOREMAN: We did not.

"THE COURT: Without telling me who was—which way, what was it, eight to four, six to six, or—

"THE FOREMAN: Ten to two.

"THE COURT: Ten to two. All right. Do you feel that further deliberations, that you can arrive at a verdict?

"THE FOREMAN: I don't, Your Honor.

"THE COURT: The Court has two choices: one, is, either have you go back and deliberate further or have you come back tomorrow,

but if you feel that you are hopelessly hung—the verdict has to be all twelve—in other words, what you are telling me, Mr. Flake, is that that was a vote of twelve jurors?

"The Foreman: Yes.

"The Court: And I don't want to know which way. What the Court is asking you now: would further deliberations be of any assistance so that you could possibly arrive at a verdict?

"The Foreman: No.

"The Court: Do most of the jurors feel that way? Most of them do? All right. The Court on its own Motion has the right to declare a mistrial, and you will all be excused. Let the record show that it was not a unanimous verdict and the form you filled out here was improper, is that correct?

"The Foreman: Yes.

"The Court: In other words, there was no twelve agreeing?

"The Foreman: That's correct.

"The Court: And it was ten to two. The Court will declare a mistrial. You are free to leave the court room. You are excused."

Petitioner makes interrelated contentions of error. He first argues that under the language of Penal Code section 1163[2] when the polling of the jury revealed the verdict was not unanimous the court had no choice but to send the jury back for further deliberations. Petitioner's second argument is that the proceedings demonstrate that the trial judge prematurely discharged the jury under the provisions of Penal Code section 1140. (See fn. 1, *ante.*)

---

[2]Penal Code section 1163 provides: "When a verdict is rendered, and before it is recorded, the jury may be polled, at the request of either party, in which case they must be severally asked whether it is their verdict, and if any one answer in the negative, the jury must be sent out for further deliberation."

FAILURE TO RETURN THE JURY
FOR FURTHER DELIBERATIONS

■ There is a paucity of case law interpreting section 1163.[3] The cases that have touched upon the problem, however, lend backhanded support for the proposition that when a jury is polled and it appears all jurors do not agree upon the verdict the trial judge is not, under all circumstances, required to return the jury for further deliberations.

Thus, in *People* v. *Superior Court (Thomas)* (1967) 67 Cal.2d 929 [64 Cal.Rptr. 327, 434 P.2d 623, 25 A.L.R.3d 1143], the jury returned with a guilty verdict and a poll was demanded. The fifth juror expressed doubt about his decision. The trial judge obtained answers from the juror in question to the effect that the juror did not believe in the verdict but was acquiescing in the will of the majority. Thereupon, the trial court declared a mistrial and the People sought a writ of mandate directing entry of judgment against defendant. The Supreme Court held the declaration of the mistrial was proper and refused to issue the writ. In that case the People relied upon the mandatory language of Penal Code section 1164 (see fn. 3, *ante*) requiring the court to return the jury for further deliberations should any juror express his opposition to the verdict after it is read by the clerk. In rejecting this contention and commenting on a potential double jeopardy problem, the court said:

"Where, as here, a juror makes equivocal or conflicting statements as to whether he has assented to the verdict freely and voluntarily, a direct question of fact within the determination of the trial judge is presented. The trial judge has the opportunity to observe the subtle factors of demeanor and tone of voice which mark the distinction between acquiescence and evasion of individual choice. The trial judge can determine whether returning the jury for further deliberation is likely to secure a real verdict, or whether the juror has really disagreed so that the verdict is not unanimous and not likely to become so." (67 Cal.2d at p. 932.)

---

[3]See also similar language to that in section 1163 contained in Penal Code section 1164 which reads: "When the verdict given is such as the court may receive, the clerk, or if there is no clerk, the judge or justice, must record it in full upon the minutes, and if requested by any party must read it to the jury, and inquire of them whether it is their verdict. If any juror disagrees, the fact must be entered upon the minutes and the jury again sent out; but if no disagreement is expressed, the verdict is complete, and the jury must be discharged from the case."

"Some question is raised that if the People are denied relief defendant could urge the bar of jeopardy. Such a defense does not seem available. This is a clear case of a mistrial because of lack of a unanimous jury, a typical situation in which jeopardy has no application." (67 Cal.2d at p. 933.)

In *People* v. *Burnett* (1962) 204 Cal.App.2d 453 [22 Cal.Rptr. 320], the jury returned a guilty verdict and was polled on that verdict. One of the jurors gave an equivocal answer to the poll and the trial judge proceeded to interrogate the juror as to the meaning of her reply. The juror then responded with an unequivocal affirmative answer. The Court of Appeal affirmed the conviction, holding that there was no need to send the jury out under section 1163 because the juror finally orally concurred in the general verdict, thereby fulfilling the purpose of section 1163.

Contrary to petitioner's contention, the cases of *People* v. *Mestas* (1967) 253 Cal.App.2d 780 [61 Cal.Rptr. 731] and *People* v. *Brancato* (1948) 83 Cal.App.2d 734 [189 P.2d 504] do not hold that returning the jury for further deliberations under Penal Code section 1163 is a mandatory procedure under all circumstances. On the contrary, they affirm the principle that returning the jury for further deliberations is a permissible procedure.

Lastly, we observe that section 1163 must be construed in conjunction with Penal Code section 1140. The latter section authorizes the trial court to discharge the jury when "at the expiration of such time as the court may deem proper, it satisfactorily appears that there is no reasonable probability that the jury can agree." To reconcile the two sections into a harmonious whole, it must be concluded that if at the time the jury is polled a negative or equivocal response is received to the poll the trial judge has the discretion to interrogate the jurors further as to whether they are able to reach an agreement under Penal Code section 1140.

Based on the foregoing, we believe that the conclusion is inescapable that the trial court properly exercised its discretion to consider the application of Penal Code section 1140 under the circumstances of the case before it.

## The Alleged Premature Discharge of the Jury

*People* v. *Rojas* (1975) 15 Cal.3d 540, 545-546 [125 Cal.Rptr. 357, 542 P.2d 229], contains a succinct statement of the law pertaining to the protection against double jeopardy.

"Under article I, section 13, of the California Constitution and Penal Code section 1023, the discharge of a duly impaneled and sworn jury without a verdict bars a retrial unless the defendant consented to the discharge or legal necessity required it under Penal Code section 1140. (*Curry* v. *Superior Court* (1970) 2 Cal.3d 707, 712-713 [87 Cal.Rptr. 361, 470 P.2d 345].) . . .

". . . Such a legal necessity exists if, at the conclusion of such time as the court deems proper, it satisfactorily appears to the court that there is no reasonable probability that the jury can resolve its differences and render a verdict. Under these circumstances the court may properly discharge the jury and reset for trial. (*People* v. *Griffin* (1967) 66 Cal.2d 459, 464 [58 Cal.Rptr. 107, 426 P.2d 507]; *Paulson* v. *Superior Court* (1962) 58 Cal.2d 1, 5 [22 Cal.Rptr. 649, 372 P.2d 641].) The determination, in each instance, rests in the sound discretion of the trial judge, exercisable on reference to and consideration of all the factors before him. (*Paulson* v. *Superior Court, supra,* at p. 6; *People* v. *Carter* (1968) 68 Cal.2d 810, 815 [69 Cal.Rptr. 297, 442 P.2d 353]; *People* v. *Huff* (1967) 255 Cal.App.2d 443, 447 [63 Cal.Rptr. 317].)" (15 Cal.3d at pp. 545-546.)

■ The exercise of discretion by the trial court will not be interfered with on appeal unless under all of the circumstances there has been an abuse thereof. (*Clemensen* v. *Municipal Court* (1971) 18 Cal.App.3d 492, 501 [96 Cal.Rptr. 126].)

■ Petitioner argues that after juror No. 4 expressed doubt, the trial judge committed prejudicial error in not proceeding with the polling of the jury. However, the petitioner did not object to the court's not polling the balance of the jury and he thereby waived any irregularity. (*People* v. *Lessard* (1962) 58 Cal.2d 447, 452 [25 Cal.Rptr. 78, 375 P.2d 46]; *People* v. *Flynn* (1963) 217 Cal.App.2d 289, 295 [31 Cal.Rptr. 651]; *People* v. *Wilkins* (1955) 135 Cal.App.2d 371, 379-381 [287 P.2d 555].) Moreover, whether the jurors are to be questioned individually or only the foreman as to the probability of reaching a verdict is left up to the discretion of the trial judge (*People* v. *Rojas, supra,* 15 Cal.3d 540, 546, *People* v. *Smith*

(1974) 38 Cal.App.3d 401, 408 [113 Cal.Rptr. 409]), the statutes specifying no particular procedure. (*Clemensen* v. *Municipal Court, supra,* 18 Cal.App.3d 492, 502; *People* v. *Caradine* (1965) 235 Cal.App.2d 45, 49-50 [44 Cal.Rptr. 875].)

■ Petitioner's next argument is that the trial court abused its discretion in declaring a mistrial because, as a matter of law, the period of deliberation was too short to permit the conclusion that the jury could not arrive at unanimity. The law is, however, that the period of deliberation is not determinative. Thus, in *People* v. *Caradine, supra,* 235 Cal.App.2d 45, 50, this court stated:

"Standing alone, the period of deliberation is not determinative; the judge must make his assessment of reasonable probability of the jury reaching a verdict on a number of factors, of which the period of deliberation is just one. Discretion must be viewed from all of the circumstances. (*People* v. *Wooley,* 15 Cal.App.2d 669, 673 [59 P.2d 1065]; *People* v. *Casserio,* 16 Cal.App.2d 223, 228 [60 P.2d 505].)

"We find no case in which the period of deliberation alone was the deciding factor. If time were the sole factor, we would not know where to draw the line. . . ."

While the jury in the present case deliberated only for one hour and twenty-eight minutes, that time cannot be held too short as a matter of law, especially in view of the trial time which was also short, lasting less than two and one-half hours, including argument and instructions.

■ Lastly, petitioner urges that the trial court made its determination of a hopelessly deadlocked jury without having gathered adequate facts to support its findings, citing *Paulson* v. *Superior Court* (1962) 58 Cal.2d 1 [22 Cal.Rptr. 649, 372 P.2d 641]. That case, however, is inapposite to the case at bar. In *Paulson,* the court pointed out that the foreman stated no verdict had been reached, he gave no indication that he or any other juror considered further deliberations futile and merely asked the judge for clarification on two points of law, strongly suggesting the jurors felt they could reach a verdict if those legal and factual questions were resolved by the trial court. The only information the trial court in *Paulson* had before it was a statement from the bailiff directed to the judge, outside the presence of the defendant's counsel, that the jury was

hopelessly deadlocked. Obviously, the trial court committed prejudicial error in declaring a mistrial in that case.

In the present case the judge asked the foreman on two separate occasions, and the jury as a whole once, whether or not they felt further deliberations would be helpful. He obtained negative responses to these queries. Although the record does not reflect the shaking of the jurors' heads, such can reasonably be inferred from the court's statements: "Do most of the jurors feel that way? Most of them do? All right."[4] In *People v. Rojas, supra,* 15 Cal.3d 540, a similar event occurred. In that case the Supreme Court in upholding the declaration of mistrial said: "In the present case the discharging court asked the jury forelady, after about five and one-half hours of deliberations, whether a verdict had been reached, and if not, what the vote count was. She said no verdict had been reached and the count was nine to three. The court inquired of her whether she felt further deliberations would be of value, and she replied that she did not. The court then asked: 'Does anybody on the jury think so?' The record indicates that various jury members shook their heads negatively. Under these circumstances it cannot be said that the court abused its discretion in discharging the jury as it properly determined that there was no reasonable probability that a verdict could be reached." (15 Cal.3d at p. 546.)

The petition is denied, and the writ is discharged.

Franson, J., and Thompson, J.,* concurred.

---

[4]While we deny relief in this case, in doing so we point out that as a matter of practice the trial judge should have been more conscientious and less peremptory in his determination that the jury could not agree on a verdict; and he should have made certain that the jurors' responses and his conclusion, together with the reason therefor, appeared on the record.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.